[S. F. No. 1189.    Department One.—March 13, 1900.]

BATISTO SCRIVANI, Respondent, v. CHARLES DON-
DERO, Appellant.

MALICIOUS PROSECUTION—NONSUIT—SUPPLY OF PROOF BY DEFENDANT.—
In an action for malicious prosecution, an order denying a motion for a nonsuit will not be disturbed for want of sufficient proof by the plaintiff, at the close of his evidence, of want of probable cause and of malice in fact, where the testimony of defendant's witnesses cured the weakness of plaintiff's case, and supplied the necessary proof, so that the whole of the evidence, considered together, was sufficient to support the verdict and judgment for the plaintiff.

ID.—PROBABLE CAUSE — QUESTION OF LAW AND FACT—HARMLESS IN-
STRUCTIONS.—What constitutes probable cause is a question of law, but the existence of sufficient facts to constitute probable cause is a question of fact. An instruction on the question of probable cause, indicating it to be a question of fact, though not perfect in form, is harmless, where the jury were strictly instructed in the charge that, if the evidence disclosed certain facts specified, there was no probable cause for the arrest of plaintiff. It is not strictly proper to define "probable cause" in an instruction, it being a question of law for the court, but the giving of such definition is harmless.

ID.—INSTRUCTION AS TO "PRESUMED" MALICE—EXEMPLARY DAMAGES.—
An instruction referring to "malice, actual or presumed," as a
ground for exemplary damages, is to be construed as referring
to "presumed" malice in fact, and not to malice in law.

ID.—ADVICE OF COUNSEL—GOOD FAITH—DISCLOSURE OF KNOWN FACTS,
AND EXCULPATORY FACTS BELIEVED.—Good faith on the part of one
who would justify an arrest upon a criminal charge under the
advice of counsel requires not only that he should disclose to
the counsel all material facts known to him, but also that, if he
has reasonable ground to believe that other facts exist tending
to exculpate the person excused, he should either himself make
inquiry, or disclose his belief of such facts to the counsel, that
he may have an opportunity to make such inquiry.

APPEAL from a judgment of the Superior Court of Santa
Cruz County.   J. H. Logan, Judge.

The instruction referring to "presumed" malice was to the
effect that if the jury were satisfied "that defendant has been
guilty of oppression, fraud, or malice, actual or presumed," they
might "give damages for the sake of example, and by way of
punishing defendant." It was assigned as "error to charge that
exemplary damages may be recovered for presumed malice in
cases like the present." Further facts are stated in the opin-
ion of the court.

Julius Lee, and Frank J. Murphy, for Appellant.

George P. Burke, and Charles M. Cassin, for Respondent.

GAROUTTE, J.—This action is one of malicious prosecu-
tion. Defendant appeals from the judgment. It is first in-
sisted that the motion for a nonsuit should have been granted.
Whatever may have been the status of the evidence at the time
the motion was made, it is not necessary to decide, for the court
is clear that, taking all the evidence together, it is sufficient to
support the verdict and judgment. It is a well-settled rule that
if all the evidence, considered together, supports the judgment,
then the order denying the motion for a nonsuit will not be
disturbed, however weak the case may have been at the time
plaintiff closed his evidence. If the testimony of defendant's
own witnesses indicated that he, in making the charge, acted
without probable cause, then any weakness existing in plain-
tiff's case upon that point was cured. The same rule is equally

true when applied to the question of malice in fact. (*Vaca Valley etc. R. R. v. Mansfield*, 84 Cal. 565.)

The jury were instructed that plaintiff, in order to recover, "has only to show to your satisfaction by a preponderance of the evidence the following: 1. That the prosecution was without probable cause; 2. That the prosecution was malicious; 3. That plaintiff has been damaged thereby. You are the exclusive judges of all the questions of fact." It is now claimed that this instruction declares "probable cause" to be a question of fact. This court has repeatedly held that "probable cause" is a question of law, but that the existence of sufficient facts to constitute probable cause is a question of fact. (*Ball v. Rawles*, 93 Cal. 222; 27 Am. St. Rep. 174; *People v. Kilvington*, 104 Cal. 91; 43 Am. St. Rep. 73.) The instruction we have quoted is not perfect in form. At the same time we do not consider it seriously objectionable, especially in view of the other instructions given upon the question of probable cause. The jury were told, strictly in accordance with the law, that if they found the evidence disclosed certain facts (naming them), then there was no probable cause for the arrest. Under these circumstances, we cannot be brought to believe that the jury were in any way misled by the instruction heretofore quoted.

It is next contended that the court committed error in defining "probable cause." "Probable cause" being a question of law for the court, we can imagine no case where a declaration as to what constitutes it is a matter which should be given to the jury for their deliberation in the jury-box. Yet we see no possible harm that could have resulted to defendant from the giving of this instruction. As to the instruction upon malice, it must be held that the "presumed" malice spoken of by the court referred to malice in fact, and not malice in law. (*Childers v. Mercury Pub. Co.*, 105 Cal. 284; 45 Am. St. Rep. 40.)

Defendant justified under the advice of counsel, and upon this point the jury were instructed: "Mr. Dondero is required to make and to prove to your satisfaction by preponderance of testimony that he did make to his counsel a full, fair, and true statement of all the material facts known to him, of which he had and knew the means of ascertaining. If Mr. Dondero had reasonable grounds for believing that other facts ex-

isted which would tend to exculpate Mr. Scrivani from the assault with intent to murder, good faith requires that he should have either made further inquiry with reference to those facts and circumstances, and communicated the information obtained to the counsel, or that he should inform the counsel of his belief of their existence, in order that the counsel might investigate with reference to them, and take into account in forming his opinion the information obtained with reference to them." It is now claimed that this instruction is opposed to the late cases of *Dunlap v. New Zealand Ins. Co.*, 109 Cal. 365, and *Holliday v. Holliday*, 123 Cal. 36. Upon comparison with the instructions considered in those cases we find a broad distinction. By the instructions in those cases defendant was required not only to state to his counsel all the material facts of the case of which he had knowledge, but he was required to exercise diligence in the procurement of other facts. In other words, he was required to state to the counsel all facts which he could have obtained by the use of reasonable diligence. In the instruction at bar no demand for the exercise of diligence is called for. The instruction says: If defendant has reasonable ground for believing that other facts existed which would tend to exculpate the plaintiff acting in good faith, he should make inquiry as to such facts, or inform his counsel that he has a belief of the existence of such facts, thus giving the counsel an opportunity to make the inquiry. Good faith upon the part of a party making a criminal charge forms the very essence of his action, and it seems that his good faith certainly demands all that this instruction embodies. In *Hess v. Oregon Baking Co.*, 31 Or. 503, the court said: "He is bound to make a full and fair disclosure of all the material facts within his knowledge; and if he has reason to believe that there are other facts bearing upon the guilt or innocence of the accused, he must either disclose that belief to the prosecuting officer, or himself make inquiry to ascertain the facts in relation to the matter, but more than this he is not required to do."

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.