[Sac. No. 805. In Bank.—May 29, 1903.]

THERESA A. WILLIAMS, Executrix of the Will of Henry Williams, Deceased, Respondent, v. W. G. LONG and the GAGNERE MINING COMPANY, Appellants.

EJECTMENT—VENDOR AND PURCHASER—DEFAULT OF PURCHASER—DEMAND BEFORE SUIT—EVIDENCE—NONSUIT.—In an action of ejectment brought by a vendor for default of the purchaser under a provision in the contract, no evidence of a written or formal demand for possession of the property before suit is essential. It is sufficient to prevent a nonsuit that there is some evidence of a conversation of the vendor's agent with the purchaser, indicating that he must make the required payment or deliver up the property.

ID.—ASSIGNMENT BY PURCHASER—ABSENCE OF NOTICE—DEMAND NOT REQUIRED.—Where the purchaser made an assignment of his interest in the contract of sale, and the vendor had no notice of such assignment, no demand upon the assignee, who was not a party to the contract, need be made before joining such assignee as a party co-defendant with the purchaser in an action of ejectment.

---

[1] 49 Am. St. Rep. 93.

ID.—MATURITY OF CAUSE OF ACTION—DEFAULT IN INSTALLMENT.—Where the contract provided that, ''should default be made in any of the said payments, the property shall revert back, with all the improvements made,'' to the vendor, the vendor may bring ejectment upon demand made after any default, and is not required to wait until the final payment is due.

ID.—TIME OF ESSENCE OF CONTRACT—MINING PROPERTY—REVERTER.—No particular form of words is required to make time of the essence of the contract; and where the property contracted for is mining property, having a fluctuating value, a provision that it shall revert back to the vendor in case of any default in payment, makes the time of payment of any installment of the essence of the contract.

ID.—RESCISSION AND RESTORATION NOT REQUIRED.—Under the terms of such contract, it was not necessary for the vendor, before bringing the action of ejectment, to rescind the contract, or to offer to repay the installments paid, as a prerequisite to maintaining the action.

ID.—DEFENSE OF FRAUD—CONFLICTING EVIDENCE—SUPPORT OF FINDINGS.—Where the defendants pleaded as a defense fraudulent and false representations of the vendor's agent, inducing the contract of purchase, and the evidence is conflicting as to whether such representations were made, findings that they were not made will be sustained.

ID.—EVIDENCE—HEARSAY—RULING WITHOUT INJURY.—Evidence that the purchaser communicated to his assignee the representation alleged to have been made by plaintiff's agent, was properly excluded as hearsay; and where the court found, upon sufficient evidence, that no such representations were in fact made, their exclusion as evidence in favor of the assignee was without injury.

ID.—OPINION EVIDENCE—STATEMENT OF FACT.—Where the vendor's agent had testified fully and specifically upon the matter of alleged false representations, it was not error to ask him, generally, in conclusion, whether he had made any false representations as to the value of the mine. His answer in the negative was not the expression of an opinion, but the statement of a fact.

ID.—OMISSION IN FINDINGS—MATTER RELATIVE TO INJUNCTION.—An omission in the findings in the action of ejectment, as to matter relative to an injunction prayed for, is not material in relation to the recovery of possession.

ID.—APPEAL FROM NEW TRIAL ORDER—REVIEW—FORM OF JUDGMENT.—Upon appeal from an order denying a new trial, the form of the judgment and matter pertaining to the relief to be accorded cannot be reviewed or considered.

APPEAL from an order of the Superior Court of Tuolumne County denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

F. W. Street, Percy V. Long, and C. C. Hamilton, for Appellants.

F. P. Otis, and Rothchild & Ach, for Respondent.

LORIGAN, J.—From a judgment in favor of plaintiff's intestate, and from an order denying defendants' motion for a new trial, they appeal. The appeal from the judgment has by this court been dismissed (*Williams* v. *Long*, 130 Cal. 58[1]), and there remains for consideration only the order denying the motion for a new trial. Plaintiff's intestate, Henry Williams, who owned the claim, and the defendant Long, entered into an agreement for its sale and purchase, the contract providing, among other things, for a payment, though not the final one, at a given time, of ten thousand dollars. Williams executed a deed of the property in Long's favor, which was deposited with the California Safe Deposit and Trust Company in escrow, to be delivered when the final payments for the claim were made. The contract provided, also, that: "It is also understood and agreed, should default be made in any of the said payments, the property shall revert back, with all improvements made, to the party [Williams] of the first part." Long went into possession of the mine, assigned his contract to the other defendant, the Gagnere Mining Company, failed to make payment as stipulated, and the plaintiff's intestate brought this suit against both defendants in ejectment.

Defendants' first point urged on appeal is, that the lower court erred in denying their motion for a nonsuit, which was based on the ground that there was no evidence of any demand made on them prior to the suit for the possession of the property. The evidence, however, does sufficiently show such a demand by Williams's agent, Gillis, on the defendant Long. The conversation between them was sufficient to indicate that he (Long) must either make the required payment or deliver up the property. The demand, it is true, was not written or formal, but neither was necessary. "As a general rule, in the absence of statute, no formal language is necessary to con-

---

[1] 80 Am. St. Rep. 68.

stitute a valid demand. Any language is sufficient which is so clear as to leave no doubt or misunderstanding as to what is intended by the request." (2 Am. & Eng. Ency. of Law, 2d ed., p. 211.) The most that can be said against the evidence on this point is, that it was not the most satisfactory or strongest, but "where all the evidence, considered together, supports the judgment, the order denying the motion for a nonsuit will not be disturbed on appeal, however weak the case may have been at the close of plaintiff's evidence." (*Scrivani* v. *Dondero,* 128 Cal. 31.) No demand was necessary upon the Gagnere Mining Company. It was not a party to the agreement of sale, and Williams had no knowledge of the assignment of the agreement to it.

It was further urged as a ground for nonsuit that the action was prematurely brought in this, that plaintiff should have waited until final payment was due, and in default, before bringing his suit in ejectment.

There is nothing in this point.

The contract called for payment of ten thousand dollars at a fixed time, and, in default of payment, the contract further provided that the property should revert to Williams.

This stipulation that the property should "revert," in default of payment, was not a mere term used to promote expedition in payment. It made time the essence of the contract. The rule is, that no particular form of words is necessary to make time the essence of a contract, but any stipulation will have that effect when it clearly appears that the contract is to be void if not performed in the agreed time. (*Gray* v. *Tubbs,* 43 Cal. 363; *Martin* v. *Morgan,* 87 Cal. 208.[1]) Whether time is of the essence of a contract is to be determined from the terms of the contract and the subject-matter concerning which the contract is made. And it is usually regarded as of the essence of the contract when the character of the property renders it liable to fluctuations; and this is especially true of mining property. (*Settle* v. *Winters,* 2 Idaho, 215; Fry on Specific Performance, sec. 716.)

Nor, as further urged in the motion, was it necessary for plaintiff to rescind the contract, or offer to return the defendants the payments made by them, as a prerequisite to

[1] 22 Am. St. Rep. 240.

maintaining the action. (*Hannan* v. *McNickle*, 82 Cal. 126; *Rhorer* v. *Bila*, 83 Cal. 54.) This disposes of all the points made on the motion for a nonsuit, and we think it was properly denied.

Among the defenses interposed by defendants, and made also the basis of a cross-complaint, was the claim that at the time of making the contract, plaintiff's agent, Gillis, made certain materially false and fraudulent representations concerning the value of the ore which he theretofore had taken out of the mine, and of the extent and value of the ore-body which would be disclosed when the water in the shafts was pumped out.

The lower court found that no false or fraudulent representations were made, but that the representations made by Gillis were in fact true. There are several findings on different matters of fact, all bearing on this subject of misrepresentation, and they are all challenged as not sustained by the evidence.

It is only necessary to say in this connection, that if there was any evidence tending to prove misrepresentations, the record shows that there was substantial conflict in the matter, and, under the well-established rule, this court cannot disturb findings based on conflicting evidence. The only other finding attacked is one that defendants failed to make payment and refused to surrender possession of the mine. What we have said in discussing the matter of the nonsuit applies here, and disposes of this objection. There is no question but after the demand defendants remained in possession, and have since so remained.

It is claimed the court erred in refusing to permit defendant company to prove that prior to the making of the contract between Williams and Long, and while it was being negotiated, Long communicated to the board of directors of the company, for whom he was acting, the representations alleged to have been made by Gillis. The ruling was right. As far as plaintiff was concerned, it was purely hearsay. There was no privity between him and the mining company, nor had he any knowledge at any time that Long was defendant's agent in purchasing the property. Neither was such evidence relevant to the issue on misrepresentation. The most that this evidence

could show was, that the alleged representations of Gillis were communicated to it. The fact in issue, however, was, Were they, in fact, made by Gillis to Long, and, if so, were they false?—and no communication made by Long to the company could throw any light on the subject. If it was offered on the part of the company on the ground that misrepresentation to the agent was misrepresentation to itself, and hence available as a defense, the answer is, that as the court found as a fact, that no misrepresentations were made, the rejection of the offer to show such communication worked no injury.

Neither was there any error in permitting the witness Gillis to be asked, and to answer, directly, whether he had made any false representations as to the value of the mine. He had testified fully and specifically on the matter, and this was a closing inquiry covering the subject generally. His answer in the negative was not the expression of an opinion, but the statement of a fact.

It is further claimed that the court failed to find on certain issues made by the pleadings. Our attention is not called to any portion of the pleadings where these alleged issues are made; but we have examined the pleadings and find no such omission. On the contrary, the court seems to have found on all material issues.

It is of no moment that the court did not find, as complained of by appellants, whether defendants had, or had not, ceased removing gold-bearing rock from the mine, or had or had not threatened to do so. The allegation in the complaint on that subject, denied in the answer, was made to authorize the issuance of a preliminary injunction, or to secure a permanent injunction in case plaintiff should recover judgment for possession. It was not a material issue in ejectment. The right of plaintiff to recover possession of the property did not depend on whether the defendants were or were not removing, or threatening to remove, gold-bearing rock, but upon the point whether, under the terms of the contract, he was entitled to possession for their failure to make the required payment.

It is insisted, that the court should have provided a reasonable time, within which the defendants might pay the amount due plaintiff under the contract, and obtain the deed which was placed in escrow.

We cannot, however, consider this point on appeal from the order denying a new trial. That is a matter pertaining to the relief to be accorded in the judgment. And as the appeal from the judgment in this case was dismissed, we cannot consider the point.

Finding no error in the record, the order denying the motion for a new trial is affirmed.

McFarland, J., Henshaw, J., Van Dyke, J., Shaw, J., and Angellotti, J., concurred.