[S. F. No. 4548.  In Bank.—December 4, 1908.]

## MYRTLE LOWE et al., Respondents, v. SAN FRANCISCO AND NORTHWESTERN RAILWAY COMPANY (a Corporation), Appellant.

NONSUIT—WAIVER OF ERROR IN REFUSING—OMITTED EVIDENCE SUPPLIED BY DEFENDANT.—If a motion for nonsuit for want of testimony upon any material fact has been erroneously overruled, and the defendant proceeds and supplies the defect by evidence which he himself introduces, the error committed in overruling the motion is waived.

MASTER AND SERVANT—RAILROADS—INCOMPETENT CONDUCTOR—EVIDENCE.—Still v. San Francisco and Northwestern Railway Co., ante, p. 559, followed, and approved to the point that the evidence was sufficient to sustain the conclusion of the jury that the conductor whose conduct caused the injury complained of, at the time of his employment was incompetent by reason of his lack of knowledge of the meaning of the rules and orders used on the defendant's railroad relative to the movement of trains, that his ignorance in this respect was the sole cause of the accident, and that the defendant failed to exercise due care in his selection

ID.—EMPLOYMENT OF INCOMPETENT SERVANT—PLEADING.—In an action to recover for personal injuries to an employee, based upon the theory that the employer failed to exercise due care in the selection of an incompetent co-employee through the instrumentality of whom the injury was occasioned, an allegation in the complaint that the defendant "did carelessly and negligently employ and retain" the incompetent co-employee, is a sufficient averment of the defendant's failure to exercise due care in his original selection.

ID.—IMMATERIAL ERROR IN ADMITTING EVIDENCE—FAILURE TO EXAMINE CONDUCTOR.—In an action to recover for personal injuries to a brakeman on a railroad train, alleged to have been occasioned through the incompetency of the conductor of the train, testimony for the plaintiff having a tendency to show that it was not the custom of the defendant to examine persons as to their qualifications for the position of conductor is without prejudice, where the evidence offered by the defendant on the trial as to his qualifications amounts to a practical admission that he had not been so examined.

ID.—INSTRUCTION AS TO RULES—REISSUANCE OF OLD RULES.—In such an action, evidence offered by the plaintiff of the failure of the defendant to reinstruct its train employee as to the meaning of rules printed on a new train schedule in effect at the time of the accident will not be deemed prejudicial when it appears that such rules were identical with the rules that had been in existence and in the hands of its employee for some three months preceding.

ID.—FINDING OF INCOMPETENCY—INSTRUCTIONS AS TO COMPETENCY.—In such an action, where the jury finds that the conductor at the time of his employment was incompetent to manage the defendant's trains *by reason of his ignorance of the meaning of its rules,* it cannot be held prejudicial error for the court to refuse to instruct the jury that in the event they found facts to exist showing his knowledge of the meaning of such rules, no instruction therein on the part of defendant was necessary.

ID.—RECOMMENDATION BY FORMER EMPLOYER.—It cannot be held prejudicial error to refuse an instruction asked by the defendant, in such a case, to the effect that it was not negligence on the part of the defendant in failing to examine the conductor at the time he entered its employ, if he had been recommended to it by his former employer as a competent person to take charge of trains, when the jury finds that no such recommendation had been made, and such finding is sustained by the evidence.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.  W. G. Hunter, Judge.

The facts are stated in the opinion of the court.

Gillett & Cutler, and F. A. Cutler, for Appellant.

Henry L. Ford, L. F. Burnell, and J. F. Quinn, for Respondents.

ANGELLOTTI, J.—This is an appeal from a judgment for plaintiffs and an order denying defendant's motion for a new trial in an action brought by the surviving wife and minor children of Henry S. Lowe, deceased, against defendant, to recover the damages resulting to them from the death of said Lowe, such death being alleged to have been caused by the negligence of defendant.

Lowe was killed in the collision described in the opinion in *Still* v. *San Francisco and Northwestern Railway Co.,* *ante,* p. 559, [98 Pac. 672], this day filed. He was at that time employed as a brakeman on regular freight train No. 5, under Conductor Clark. The claim of plaintiffs, as in the Still case, was that Clark was incompetent to act as such conductor for the reason shown in that case, that his incompetency was the cause of the accident, and that defendant had neglected to use ordinary care in his selection as such conductor. According to the record before us, learned counsel for defendant are in error in their statement that there was no allegation in the complaint of defendant's failure to exercise due care in the original selection of Clark as conductor, and that, according to the complaint, the claim was simply that defendant had *retained* an incompetent servant after knowledge of his incompetency, it being alleged in paragraph 9 of the first count of the complaint that the defendant "did carelessly and negligently *employ* and retain said Peter Clark in its employ." The answers to the special issues submitted to the jury show that the jury adopted the theory that defendant was negligent in the selection of Clark to act as conductor of freight train 5.

At the conclusion of plaintiffs' case a motion for nonsuit was made on the ground that plaintiffs had not made a sufficient case for the jury on the claim of incompetency on the part of Clark, and the failure of defendant to use ordinary care in his selection, and the ruling of the trial court denying this motion is assigned as error. It is not necessary to determine whether the trial court erred in this ruling. The motion

for nonsuit having been denied, defendant proceeded with its defense and introduced much evidence. If all the evidence given on the trial by both plaintiffs and defendant, considered together, sufficiently supports the verdict, "the order denying the motion for a nonsuit will not be disturbed, however weak the case may have been at the time plaintiff closed his evidence." (*Scrivani* v. *Dondero*, 128 Cal. 31, [60 Pac. 463]; *Williams* v. *Long,* 139 Cal. 186, 189, [72 Pac. 911].) The rule is well settled that if a motion for nonsuit for want of testimony upon any material fact has been erroneously overruled, and the defendant proceeds and supplies the defect by evidence which he himself introduces, the error committed in overruling the motion is waived. (*Elmore* v. *Elmore,* 114 Cal. 516, 519, [46 Pac. 458]; *Higgins* v. *Ragsdale,* 83 Cal. 219, [23 Pac. 316]; *Vaca Valley etc. R. R.* v. *Mansfield,* 84 Cal. 560, 565, [24 Pac. 145]; *Schlessinger* v. *Mallard,* 70 Cal. 326, 334, [11 Pac. 728]; *Abbey etc. Association* v. *Willard,* 48 Cal. 614, 617.)

Under these circumstances, the principal question on this appeal is the same as that presented in the Still case,—viz. was the evidence given on the trial sufficient to support the conclusion of the jury that Clark was incompetent to act as conductor of the train, that the accident was caused by his incompetency, and that the defendant either knew of such incompetency or would have known of it if it had used ordinary care in the matter of his selection for that employment. The rules of law applicable in the consideration of these questions have been sufficiently stated in the opinion in the other case and need not be again stated here. The evidence given on the trial as to the circumstances and cause of the accident, the prior experience and reputation of Clark as an employee of a railroad company, the time and circumstances of his employment by defendant on the road where the accident occurred, his promotion to the position of conductor of the gravel train and his subsequent assignment as conductor of freight train 5 and his experience thereon prior to the accident, and the inquiries made and information received by defendant in relation to him prior to his selection as conductor was substantially the same as that given in the Still case. In one or two particulars, defendant's case was somewhat weaker than in the Still case. For instance, Clark, who

was at the time of the trial in the employ of defendant, was not called as a witness at all, and the evidence of Joseph Still as to the statement made by Clark at Cousins's switch when he ordered his engineer to proceed north with his train, being the same statement testified to in the Still case, was not contradicted by any witness. Taking all the evidence together, we are satisfied, for the reasons stated in the opinion in the Still case, that it cannot be held that there was not sufficient evidence to sustain the conclusions of the jury and the trial judge.

Certain rulings in the matter of evidence are assigned as error.

Witness Rolley, who had been promoted from brakeman to conductor, was asked if he knew whether or not the defendant "examined their conductors in promoting them from brakeman to the position of conductor." This was objected to by defendant and the objection overruled, whereupon the witness answered, "Well, I don't know about any one else, but they never examined me." A motion to strike out the answer as not responsive, incompetent, and irrelevant, was denied. Witness Joseph Still, who said he had acted as conductor on some special occasions, was asked a similar question, and, over objection, answered, "Well, I never was examined upon the rules," and a motion to strike out the answer as not responsive, incompetent, irrelevant, and immaterial was denied. It may be conceded that the motions to strike out these answers should have been granted. But we do not see how they could have prejudiced defendant. Their utmost effect was to tend to show that defendant had not examined Clark prior to selecting him as a conductor. Defendant did not claim that it had examined him. It introduced evidence showing all that it had done in the way of acquiring information as to his qualifications, relying on that as sufficient to have warranted it in assuming that he was competent, and there was no intimation that it had attempted to examine Clark himself. It was thus practically an admitted fact that he had not been so examined, and the refusal to strike out the answers of Rolley and Still to the effect that they had not been examined was a mere technical error not warranting reversal.

Nor, assuming the objections to have been good, can we see any prejudicial effect to defendant in the evidence of Mr.

CLIV Cal.—37

Porter, defendant's vice president and general manager, to the effect that at the time the new schedule of October 5th with the rules printed thereon was given to Clark and his engineer, Mr. Thayer, the rules were not explained, and that he did not instruct the trainmaster to construe those rules to Messrs. Clark and Thayer. It clearly appeared that the same rules had been in existence and printed on the prior schedule in the hands of the employees for some three months preceding, and it is unreasonable to assume that any inference of negligence may have been drawn by the jury from the mere fact that when reprinted on a new time table the employees were not further instructed regarding the same.

There was no prejudicial error in the refusal to give certain instructions.

The requested instruction 5 was one relative to the matter of instructing Clark in the rules, and telling the jury that if they found certain facts to exist, there was no necessity for any such instruction and the defendant was not negligent in failing to give it, or in examining him as to said rules. Among the facts so set forth was the following: that Clark had during the time he was employed as conductor prior to the accident "proved by his conduct and management of said trains that he thoroughly understood all of defendant's rules . . . and that he was perfectly competent to manage the trains as a conductor thereof." The finding of the jury on the issue of incompetency disposed of the necessity for this instruction, assuming it to be a correct statement of the law. Under the facts of this case, that finding necessarily implied that Clark had not "proved" by his conduct and management of trains, that "he thoroughly understood all of its rules," and "that he was perfectly competent to manage the trains as a conductor thereof." If the evidence as to Clark's service during the few weeks prior to the accident was such as to *prove* that he in fact *thoroughly understood all the rules,* and was perfectly competent to manage the trains, the finding of incompetency could not be held to be sustained. As we said in the Still case, the evidence as to his experience as a conductor was not such as to require the conclusion that he had ever been confronted with such a situation as confronted him on the day of the accident, or that he ever understood the

effect of a "meet order" as against the printed rules relating to regular schedule trains. The most that can be said for defendant on that proposition is that there was a conflict in the evidence, which has been determined by the jury in favor of plaintiffs.

The requested instruction 6 was one to the effect that if Clark was in the employ of the predecessor of defendant, and said former employer "recommended him to the defendant as a safe, careful, competent employee to take charge of trains, then it was not negligence on the part of defendant if it failed to examine said Clark as to his said competency at the time he entered its employ." Regardless of other points made against this instruction, the refusal to give it was not prejudicial. In response to a special question submitted to it, the jury found that the former employer of Clark did not recommend him as a competent person to act as conductor on one of its trains. This finding is specially attacked by learned counsel for defendant as not having support in the evidence, but we cannot so hold. The recommendation implied by the proposed instruction and the question submitted to the jury was one to the effect that Clark not only was competent and reliable within the lines of his knowledge and experience, but that he had an adequate knowledge as to the rules and orders under which trains were operated on that road, a sufficient knowledge to enable him to understand and apply the printed rules and orders that might be given to him in the course of his employment. The effect of the evidence as to the nature of the recommendation of Mr. Rose, the train-master of the former employer, was discussed in the opinion in the Still case.

The requested instruction 3 was substantially that if Clark was competent to act as conductor when employed in that capacity, defendant could not be found guilty of negligence in having failed to examine him as to his competency as to rules and time tables, or in failing to instruct him therein. The alleged error in refusing to give this instruction is disposed of by the finding of incompetency.

What has been said in reference to the requested instruction 6 is applicable to the refusal to give requested instruction 18, which was an instruction to the effect that defendant was not negligent in employing Clark as conductor, if, among

other things, his former employers recommended him "as a competent man to act as conductor."

The judgment and order denying a new trial are affirmed.

Shaw, J., Sloss, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.

Rehearing denied.