[Civ. No. 1622.   First Appellate District.—March 27, 1915.]

## W. H. VAN HORN, Respondent, v. PACIFIC REFINING AND ROOFING COMPANY (a Corporation), Appellant.

ACTION FOR DAMAGES—INJURY TO EMPLOYEE OF INDEPENDENT CONTRACTOR—BLOWING OFF OF CAP OF STEAM PIPE UNDER CONTROL OF DEFENDANT—NEGLIGENCE—PRESUMPTION FROM INJURY.—In an action against a roofing company for damages for personal injuries received by an employee of an independent contracting company from the blowing off of the cap of a steam-pipe while bending over the same in the course of his work, negligence is presumed from proof of the injury, where it is shown that the construction and installation of the pipe and its connection with the machinery which plaintiff's company was installing was wholly under the supervision and control of the defendant, and there is no evidence that any one other than defendant's employees had ever touched or tampered with the pipe, except the mere fact that persons other than defendant's employees had access to the place where the pipe was located and might possibly have struck or tampered therewith.

ID.—DOCTRINE OF RES IPSA LOQUITUR—WHEN APPLICABLE.—When a thing which causes injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.

ID.—DENIAL OF NONSUIT—SUBSEQUENT INTRODUCTION OF AFFIRMATIVE EVIDENCE—CURE OF ERROR.—Where a motion for a nonsuit is erroneously denied, and the defendant thereafter introduces affirmative evidence from which the jury would have been justified in finding that the defendant was negligent, the error is cured.

ID.—INSTRUCTION—CONTRIBUTORY NEGLIGENCE—ABSENCE OF EVIDENCE. Where there is no evidence of contributory negligence sufficient to warrant or justify the giving of an instruction on the subject and no issue is presented thereon by answer, it is not error to refuse to give such an instruction.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—MOTION PROPERLY DENIED.—In such an action, the granting of a new trial on the ground of newly discovered evidence is properly denied, where such evidence consisted of the discovery of the cap of the steam-pipe, and a written statement, which came into defendants's possession after the trial, made by one of the plaintiff's principal witnesses as to the circumstances of the accident a day or two after its occurrence, which varied in material respects from the testimony of the witness given at the trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Francis Dunn, and Thomas E. Curran, for Appellant.

Cleveland L. Dam, and George Appell, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action for damages for personal injuries, and from an order denying the defendant's motion for a new trial.

The first contention of the appellant is that its motion for a nonsuit should have been granted. The following are the conceded facts of the cause as presented by the evidence in support of the plaintiff's case: The defendant is a corporation which for several years past has been engaged in the manufacture of roofing and other building material in the city of San Francisco. In the month of March, 1912, it entered into a contract with the San Francisco Mill Furnishing Co., another corporation, by which the latter agreed to undertake the installing of certain machinery in the premises of the defendant, which machinery required connection with steam-pipes for operation and use. The installation of these steam-pipes, and their connection with the machine, was to be done wholly by the defendant. Some of these steam-pipes were placed in position before the Furnishing Company commenced its work, and others were being installed while the

work of installing the machinery was going on. Among the steam-pipes which were thus installed when the Furnishing Company commenced work under its contract was a short upright pipe about three inches in diameter and a foot long, protruding from the floor at a point where one of the machines was to be and was being placed. This pipe was at first uncapped and emitted steam and hot water for a considerable period after the work of installing the machinery began; but finally the foreman of the Furnishing Company notified the defendant that the work of installing a machine near this pipe was to be begun, and asked that the pipe be capped. Thereupon, and on or about May 17, 1912, a steam-fitter employed by the defendant placed a cap over the top of this pipe. The plaintiff was employed by the Furnishing Company on May 17, 1912, to assist in the work of installing the machines. He worked a portion of that day and the forenoon of the following day, which was Saturday, and also worked on Monday up to the hour of about 3 o'clock, when the accident occurred. During a portion of Monday afternoon and for about an hour before the accident he had been working in the vicinity of this upright pipe, passing back and forth near it but not taking notice of it particularly, although he heard the steam sizzing around the edges of its cap. His immediate occupation there was that of assisting his foreman, George Marshall, in the erection of a scaffold, to be used in the course of installing the machine which was to stand near the pipe. He was presently ordered by Marshall to get a large box, which was on the floor in the vicinity of the upright pipe, to be used as a part of the scaffold. In order to get this box into the position in which he had been told to place it he would have to move it from sixteen to twenty inches toward and up against the pipe. In attempting to get the box into this position the plaintiff was leaning over the pipe where the box stood, with his face within a foot of it, when suddenly the cap was blown off and the plaintiff struck in the face by it and by a stream of steam and hot water, from which he suffered the injuries for which he brought this action. The box which the plaintiff was handling at the time of the accident was one hundred and two inches long fourteen inches wide, and eight inches deep, and weighed ninety-two pounds.

The foregoing was the state of the plaintiff's case when he rested and when the defendant moved for a nonsuit.

It is practically conceded by the briefs of opposing counsel that in order to defeat this motion the plaintiff must rely on the doctrine of *res ipsa loquitur*, and that the question as to whether or not this doctrine can have application to the facts of this case is the main issue upon this appeal.

The plaintiff was not an employee of the defendant and had no relation with it except that arising out of the fact that he was an employee of the independent contracting company engaged in the installation of certain machines in the defendant's premises. With the work of constructing or installing the steam-pipes upon the premises the employer of the plaintiff had nothing to do. The defendant was bound to furnish to the contracting company and its employees a reasonably safe place in which to do their work. The employees of the defendant who were installing its system of pipes were not the plaintiff's fellow employees. There was nothing in the evidence offered in the course of the plaintiff's case from which an inference of negligence on his part could fairly arise, nor was there any evidence tending in the remotest degree to show that the employer of the plaintiff, or his fellow employee, or any other person save and except defendant's employees, had ever touched or tampered with the steam-pipes of the defendant, or this particular pipe, or the cap which covered it and which was blown off at the time of plaintiff's injuries.

Such being the state of the evidence at the close of the plaintiff's proofs, we think that a case was presented to which the doctrine of *res ipsa loquitur* may be fairly and properly applied. The cap of this steam-pipe which blew off at the critical moment when the plaintiff was bending over it in the course of his work had been placed upon it only three days previously by an employee of the defendant. There are only three possible ways by which its dislocation could be explained; either it was defectively constructed; or negligently and insufficiently affixed to the pipe; or else it had been tampered with and loosened to the point of danger under pressure by some one other than the defendant's employees. In either of the first two of these possibilities the defendant would be liable. But the appellant contends that because the third possibility exists the doctrine of *res ipsa loquitur* can-

not be given application. In support of this contention counsel for the appellant argues that the mere fact that persons other than the defendant or its employees were working in and about the building, and had access to the particular floor where this steam-pipe was located, would be sufficient to prevent the application of the rule, because some one or other of these might possibly have so struck or tampered with this pipe as to have caused the loosening of its cap to such an extent that it would be liable to blow off at any moment under pressure.

We think this argument, unsustained as it is by any semblance of evidence or proof tending to show such interference with this pipe or cap, carries the possibilities in cases of this kind entirely too far. To give it application would be to practically eliminate the doctrine of *res ipsa loquitur* from the law, since it would be difficult to imagine a case where the appliance causing the accident would be so immured as to make it impossible for any person but its owner or operator to have access to it. The cases which the appellant cites as sustaining this view fall short of doing so; and among these the case of *White* v. *Spreckels,* 10 Cal. App. 287, [101 Pac. 920], will serve as a good illustration of the distinctions to be drawn in the application or nonapplication of the rule.

In that case a steam-heating radiator in a room occupied by the plaintiff exploded. The evidence showed that while the defendant, the owner of the building, had installed and was maintaining the radiator, it was as to its immediate use under the control of the plaintiff, who was actually engaged in heating or drying towels upon it (a use for which it was not intended) at the moment of its explosion. The rule declared in this and the other cases cited by appellant, to the effect that the exclusive control and management of the appliance causing the injury must be shown to have been in the defendant, must be taken to refer to the right of such control; otherwise, as we have seen, the doctrine of *res ipsa loquitur* could seldom if ever be given application.

In the case at bar the exclusive control over the construction, installation, operation, and use of the steam-pipes in this building and of this particular steam-pipe was in the defendant and in no one else. And this condition is not affected by the fact that it would have been possible for other persons in no way entitled to do so to have touched or

tampered with this pipe. It would not be reasonable to require that the trial court, upon a motion for nonsuit and in the absence of any shred of evidence as to the fact, should hazard a guess that some unauthorized person had wrongfully tampered with the instrumentality of the defendant causing the plaintiff's injury, in order to defeat the application of the doctrine to this case. The rule laid down in Sherman & Redfield on Negligence, and quoted with approval by the supreme court in *Judson* v. *Giant Powder Co.*, 107 Cal. 549, 48 Am. St. Rep. 146, 29 L. R. A. 718, [40 Pac. 1020], to the effect that "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care," may be given application to the case at bar. (Sherman & Redfield on Negligence, sec. 60; *Judson* v. *Giant Powder Co.*, and cases cited.)

The recent case of *O'Connor* v. *Mennie,* 169 Cal. 217, [146 Pac. 674], in no way militates against this rule, but on the contrary it expressly restates and upholds it; while at the same time defining the limitations attending its application to cases between employees and employers, which do not exist in the case at bar.

It follows from these views that the defendant's motion for a nonsuit was properly denied.

It is, however, urged by the respondent that even if it were conceded that the court erred in denying the motion for a nonsuit, the error, if any, was cured by affirmative evidence offered by the defendant, and from which the jury would have been justified in finding that the defendant was negligent. The defense produced as its own witness, and after the motion for nonsuit had been denied, the steam-fitter in its employ who had placed the cap on the pipe a few days before the accident. He testified: "I screwed it on as tight as I could by gripping it with my two hands. I screwed it down tight. I put it on, I think, about eight or nine days before the accident happened. During that time steam was being continually passed through the pipes." If this evidence had been before the court and jury at the time the defendant's motion for nonsuit was made, it would seem quite clear that,

taken in connection with the evidence which the plaintiff had offered, it would have sufficed to constitute such a *prima facie* showing of negligence as to have justified the court in denying the motion for nonsuit. The rule is well settled in this state, in cases where a motion for nonsuit has been denied, and the defendant has then proceeded to offer evidence as to the facts and circumstances attending the accident, that if all of the evidence given on the trial by both parties considered together sufficiently supports the verdict, the order denying the motion for nonsuit will not be disturbed. (*Scrivani* v. *Dondero,* 128 Cal. 31, [60 Pac. 463] ; *Williams* v. *Long,* 139 Cal. 186, [72 Pac. 911] ; *Lowe* v. *San Francisco & N. W. Ry. Co.,* 154 Cal. 575, [98 Pac. 679], and cases cited.

The appellant urges several alleged errors of the court in respect to its instructions to the jury. None of these merit especial attention except the objection that the court erred in its ruling refusing to give a requested instruction on the subject of the plaintiff's contributory negligence. The answer to this objection is that there was no evidence of any contributory negligence on the part of the plaintiff sufficient to justify or warrant the giving of such an instruction. Besides, the defendant had not presented the issue of contributory negligence in its answer. (White on Personal Injuries, sec. 441.)

The appellant further contends that its motion for a new trial should have been granted upon the ground of newly discovered evidence. The two items of newly discovered evidence upon which the appellant relied were, first, a written statement of one of the plaintiff's main witnesses as to the circumstances of the accident, made a day or two after its occurrence, which varied in certain material respects from his testimony given at the trial, and which the defendant claims it could have used for the purpose of impeachment of such witness had this written statement been in its possession at the time his testimony was given. It is a well established rule, however, that newly discovered evidence which is simply impeaching or cumulative in character is insufficient to support a motion for a new trial. (*People* v. *Goldensen,* 76 Cal. 328, [19 Pac. 161].)

The second item of evidence which the defendant claimed to have been newly discovered by it was the cap of the steampipe which was blown off at the time of the plaintiff's injury,

We do not think that the affidavits offered in support of the defendant's motion amount to a sufficient showing of due diligence as to either the statement of the witness Marshall, or the search for the missing cap, to have entitled the defendant to a new trial. Nor do we think that either of these items of newly discovered evidence if produced would have materially aided the defendant or affected the result of the trial.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on May 24, 1915.