[Civ. No. 2250.  First Appellate District.—December 13, 1917.]

## EGIDIO RONCONI, Respondent, v. NORTHWESTERN PACIFIC RAILROAD COMPANY (a Corporation), Appellant.

Negligence — Injury to Railroad Employee — Defective Handcar—Duty of Employer—Instruction.—In an action for injuries sustained by a railroad employee while engaged in the operation of a handcar, where it appears from the evidence that the foreman of the crew had his attention directed to the defective condition of the handle of the car, which broke under plaintiff's manipulation, and he said that it was all right and to go ahead, an instruction that the law does not permit an employer to take any chances as to the safety of its employees is not an incorrect statement of the law, or inconsistent with other full and correct instructions upon the duty of an employer toward an employee.

Id.—Visual Inspection of Appliance—When Insufficient.—An instruction that a merely visual or ocular inspection of external conditions does not satisfy the measure of the employer's obligation where the servant's safety depends upon the soundness of the material or the firmness of attachment of the several parts of the instrumentality is not misleading, when considered with respect to the particular appliance which the plaintiff was using.

Id.—Handle of Handcar—Duty to Inspect.—The handle of a handcar which is to be used in its propulsion by one standing in such a position that if it should suddenly give way its user would be precipitated in front of the moving car cannot be classed in the category of those simple tools, such as a hammer, a crowbar, a pick, or a shovel, for which a mere visual or external inspection might ordinarily be sufficient to satisfy the employer's duty to inspect.

Id.—Master and Servant—Res Ipsa Loquitur.—The doctrine of *res ipsa loquitur* applies to cases of master and servant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.  Wm. D. Dehy, Judge Presiding.

The facts are stated in the opinion of the court.

Stanley Moore, for Appellant.

James A. Bacigalupi, and Edmund Nelson, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff and also from an order denying a new

trial in an action for damages arising out of injuries sustained by the plaintiff as one of the defendant's employees while engaged in the operation of a handcar upon its railroad line.

The handcar in question was one of regular standard make equipped with wooden handles which were used by the men in propelling the car. At the time of the accident which caused his injuries the plaintiff was standing on the front end of the car facing backward, and was engaging in "pumping" or pulling upon one of the handles used in operating the car, when said handle broke, and he fell backward in front of the car, which ran over him and seriously and permanently injured him.

The evidence is strongly conflicting as to the condition of the handle at the time of the accident. The appellant does not question its sufficiency, but rests his appeal upon certain alleged errors in the instructions of the court to the jury.

The first instruction assailed in the briefs of counsel for appellant is one which reads as follows: "You are further instructed that the law does not permit an employer to take any chances as to the safety of his employees." The appellant insists that this instruction constitutes an erroneous statement of the law, and also that it is contradictory to other instructions given by the court. The appellant, however, concedes that the court quite fully instructed the jury upon every phase of the case, and that with the exception of the particular instructions it criticises the court correctly laid down the law as to the degree of care which an employer should exercise in relation to his employees and to the appliances with which they were expected to work. The instruction above quoted appears to have been taken from the language of the decision of the supreme court in the case of *Brown* v. *Sharp-Hauser Contracting Co.,* 159 Cal. 89, 94, [112 Pac. 874]. Its precise words were used in that case as applying to a state of facts where a foreman, representing the employer in relation to its employees, in the presence of a known danger concluded to "take a chance." The evidence in the case before us discloses a similar situation, for there is testimony to the effect that the foreman of the handcar crew had his attention directed to the defective condition of the handle which broke under the plaintiff's manipulation, and that he said "It is all right. Go ahead." From this testi-

mony the jury might well have arrived at the conclusion that the foreman of the defendant, in the presence of the known defect in the handle, concluded to "take a chance." The instruction complained of when read and construed in the light of this evidence is, we think, not subject to the appellant's criticism as either an incorrect statement of the law, or as inconsistent with the other very full and quite correct instructions of the court bearing upon the duty of the employer toward its employees.

The next criticism of the appellant is aimed at an instruction which reads as follows: "You are instructed that a merely visual or ocular inspection of external conditions does not satisfy the measure of the employer's obligation where the servant's safety depends upon the soundness of the material of which an instrumentality is composed, or upon the firmness with which the separate parts of such instrumentality are attached to each other." The extent of the appellant's criticism of this instruction is that it is misleading; but as to this objection it also is to be read in the light of the evidence in the case and in respect of the particular appliance which the plaintiff was required to use at the moment of his injuries. So regarded we think this instruction very correctly stated the law applicable to the instant case. The handle of a handcar which is to be used in its propulsion by one standing in such a position that if it should suddenly give way its user would be precipitated in front of the moving car cannot be classed in the category of those simple tools such as a hammer, a crowbar, a pick, or a shovel, for which a mere visual or external inspection might ordinarily suffice. Where the employee's safety essentially depends upon the soundness of the material of which the handle-bar of a handcar is composed, or upon the firmness with which it is held in its place in view of the strain to which it is subjected in the operation of the car, it becomes one of those appliances for which a mere visual or external inspection on the employer's part would not ordinarily be sufficient. (1 Labatt on Master and Servant, sec. 161; *St. Louis etc. Ry. Co.* v. *Webster,* 99 Ark. 265, [Ann. Cas. 1913B, 141, 137 S. W. 1103, 1199].) We are of the opinion that the above instruction correctly stated the law applicable to the facts of this case, and that the jury could have been in no way misled thereby, especially in view of the fullness

and conceded correctness of the main body of the court's instructions bearing upon this particular phase of the case.

The final contention of the appellant is that the doctrine of *res ipsa loquitur*, as embodied in one of the instructions given to the jury, has no application to cases of master and servant; but as to this contention the contrary has been recently and quite uniformly held to be the rule. (*O'Connor* v. *Mennie*, 169 Cal. 217, [146 Pac. 674]; *Van Horn* v. *Pacific Refining Co.*, 27 Cal. App. 105, [148 Pac. 951]; *Nolen* v. *Engstrum Co.*, 175 Cal. 464, [166 Pac. 346]; *Lippert* v. *Pacific Sugar Corp.*, 33 Cal. App. 198, [164 Pac. 810].)

This disposes of the contentions of the appellant on this appeal. Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 11, 1918.