DEARDEN v. SAN PEDRO, L. A. & S. L. R. CO.

No. 1858. Decided December 17, 1907 (93 Pac. 271).

1. CARRIERS—CARRIAGE OF PASSENGERS—ACTIONS FOR INJURIES—EVI-
DENCE. In an action against a carrier for injuries in a collision
between a water car and a passenger coach, evidence *held* to show
a defective brake chain on the water car.

2. EVIDENCE—WEIGHT AND SUFFICIENCY—INFERENCES FROM EVIDENCE.
It is not essential, before a fact is made evident, that its existence
be established by positive and conclusive evidence, especially when
it pertains only to the identity of a thing.

3. CARRIERS—CARRIAGE OF PASSENGERS—ACTIONS FOR INJURIES—PRE-
SUMPTION AND BURDEN OF PROOF. Where the engine and water
car were uncoupled from defendant's train, and a flying switch
made with the water car, which became uncontrollable because of
the breaking of a brake chain, and the car on that account col-
lided with a passenger coach, causing plaintiff's injuries, the fact

that the chain broke was sufficient evidence of its defective or unsuitable character to make a *prima facie* case against, and cast the burden of explanation on, defendant.

4. SAME—QUESTIONS FOR JURY. In an action against a carrier for personal injuries sustained in a collision between a water car and a passenger coach while a switch was being made, evidence examined, and *held* sufficient to take the case to the jury as to the negligence of defendant's servants in the handling and management of the cars.

5. SAME—PRESUMPTION AND BURDEN OF PROOF. Where the engine and water car were uncoupled from defendant's train, and a flying switch made with the water car, which became uncontrollable because of the breaking of the brake chain, and the car on that account collided with a passenger coach, causing plaintiff's injuries, there arose, in conformity with the maxim *"res ipsa loquitur,"* a *prima facie* presumption that the accident was due to the negligence of defendant or its servants.

6. SAME. In an action against a carrier for personal injuries, where it is shown that the injuries were sustained under circumstances where the maxim *"res ipsa loquitur"* applies, plaintiff is not required in the first instance to prove any particular defect by evidence other than that establishing the *prima facie* presumption, even though the facts with respect to some defect are unnecessarily alleged with particularity in the complaint.

7. TRIAL—INSTRUCTIONS—KNOWLEDGE OF JURORS. In an instruction to the jury that it is their duty to pass upon the merits of the case, according to the evidence given in open court, and excluded from their minds any special knowledge that any of them may have concerning the matter, "except such matters as are of common knowledge," the use of the words "except such matters as are of common knowledge," is not objectionable.

APPEAL from District Court, Fifth District; Joshua Greenwood, Judge.

Action by Joseph H. Dearden against the San Pedro, Los Angeles & Salt Lake Railroad Company. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*J. W. N. Whitecotton* and *Pennel Cherrington* for appellant.

*W. F. Knox* and *Powers & Marioneaux* for respondent.

STRAUP, J.

This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff while a passenger on the defendant's train. Plaintiff had judgment, from which the defendant appeals.

That the plaintiff was a passenger and that his injury, if any, was received while he was being transported by the defendant, are not controverted. The train ran from Milford to Newhouse, this state. It consisted of an engine, a combination baggage and passenger coach, a box car, a flat car loaded with lumber, and a water car, or water tank. It stopped at a place called the "Old Hickory Switch," where the engine and the water car were uncoupled from the train, and a flying switch made with the latter car. In so doing the brake chain of that car broke as the brakeman was winding the brake with a stick. The car got beyond his control and collided with the passenger coach on which the plaintiff and other passengers were with such force as to break the king bolt, to slide the water tank containing seven thousand gallons of water weighing about fifty-six thousand pounds, and to push back the lumber on the flat car. When the chain broke, the brakeman called out "No brake," and jumped from the car. Some one called to the passengers to "get out of the car." As the passengers arose to leave, the conductor, who also was on the passenger coach, told them to be seated. Fearing the passengers in their attempt to get off the car might be thrown under it, the conductor closed the car door to prevent their leaving, and then jumped from the car. When the collision occurred, the passengers were all thrown to the floor or against the seats of the car. These facts do not seem to be in dispute.

The plaintiff in his main case also introduced evidence in support of allegations in the complaint that the water car was equipped with a defective and unsuitable brake chain. He and another witness, a Mr. Powell, who also was a passenger, testified that after the train was made up at Milford, and while it was standing near the platform of the depot, they ex-

amined the brake chain of the water car and found it spliced with bailing wire, badly worn. About ten minutes after the examination was made the train was moved to one end of the yard. It remained there while the witnesses and others, including the engineer of the train, went to dinner. In about one-half hour after the examination the train departed. These witnesses testified that after they examined the brake chain, no switching was done to their knowledge; that they did not see the water car taken out of the train; that to their best knowledge the water car which was examined by them was in the train when it left Milford, and was the same water car with which the flying swtch was made, and which collided with the passenger coach; that when the train reached "Old Hickory" the cars in the train were in the same position as they were when the examination was made at Milford; that the brake chain examined by them was at the end and center of the car. Another witness testified for the plaintiff that the brake chain on the water car which collided with the passenger coach was at the end and center and not on the side of the car. That the water car with which the flying switch was made was taken out of the train which left Milford on that trip, and that the chain broke as the brake was being applied by the brakeman, there is no conflict in the evidence. The plaintiff and the witness Powell were asked if they would swear positively that the car which they examined at Milford was in the train when it departed, and whether it was the same car which collided with the passenger coach. One of them answered: "I think it was. I think it was the same car all right. Well, I am almost positive it was." He was asked: "Will you swear that this was the same car? A. Yes; I think I could. Q. You think you could, but do you? A. I think that it is. I think it is the same car that I saw at Milford. Q. That is as far as you will go? A. Yes, sir; to the best of my judgment. Q. What makes you think so? A. Why, it looked just like it." The other witness testified that to his best judgment the water car which he examined at Milford was in the train

when it left Milford and was the same water car that collided with the passenger coach. He further testified: "I don't know that that car went in our train to Frisco that day. I wouldn't swear that it did." He also testified that if the car which collided with the passenger coach had the brake and brake chain on the side, it was not the same car as was examined by him at Milford.

The first assignment of error is based upon the ruling of the court denying the defendant's motion for nonsuit. It is urged that the motion should have been granted for the reason that plaintiffs case was predicated alone upon allegations of negligence relating to a defective and unsuitable brake chain on the water car; that because the plaintiff alleged the facts of such negligence with great particularity, before he was entitled to recover he was required to prove such defect, and the defendant's negligence with respect to it, substantially as alleged, unaided by and independent of any presumption of negligence arising from the circumstances of the breaking of the chain and of the collision; that the plaintiff failed in his proof, in that the evidence is insufficient to show that the water car concerning which the plaintiff and his witness testified as having had a defective brake chain was in the train when it left Milford, and was the same car as collided with the passenger coach. Before it can be said that the ruling of the court was erroneous the appellant must necessarily maintain the affirmative of all these propositions. We think it has failed, not only as to one, but as to all of them. The complaint consists of nine paragraphs, and covers nearly nine pages of the printed record. It is not necessary here to set it forth at length. It charges negligence with respect to the defective brake chain with great particularity, and specifically points out the character of the defect. It also charges negligence with respect to the making of a flying switch under detailed circumstances. It also charges negligence in the management and handling of the cars by the defendant's servants, and in their permitting one to collide with the other. The complaint is not open to the

construction contended for by appellant, that the allegations of negligence are confined alone to a defective and unsuitable brake chain.

We think the contention made that the evidence is insufficient to prove a defective brake chain on the water car is likewise untenable. The only claim made in this regard is that because the witnesses would not swear positively that the car on which they saw the defective brake chain was the same car taken out of the train at "Old Hickory," and which collided with the passenger coach, the proof was insufficient to show that it was the same car. The testimony of the witnesses on this point has already been referred to. We think it quite sufficient to justify a finding that it was the same car. Of course it was not impossible, after these witnesses examined the water car in the train at Milford, and before the train departed, that the defendant, unknown to them, might have switched that water car out of the train and put another water car in its place. That such was done is not probable, under the circumstances. No witness testified to such fact, nor is there anything in the evidence from which the inference could be drawn that such was done. Because of its better knowledge, the proof of such fact would naturally be expected to come from the defendant rather than from the plaintiff, especially since it involved the proving of an affirmative by the defendant and a negative by the plaintiff. However, it is not essential, before a fact is made evident, that its existence be established by positive or conclusive evidence, especially when it pertains, as here, only to the identity of a thing. If such were the case, the rule of evidence permitting the drawing of inferences and the deducing of facts from other facts is rendered useless. The fact that the chain broke, under all the circumstances of the case, was sufficient evidence of its defective or unsuitable character to make a *prima facie* case, and to cast the burden of explanation on the defendant. Though it were conceded that the plaintiff failed to prove the defective brake chain as alleged, he still was entitled to go to the jury upon the alleged acts of negligence

with respect to the carelessness of the defendant's servants in the handling and the management of the cars. The evidence in support of these allegations was sufficient to send the case to the jury. The appellant does not claim, nor could the claim be successfully made, that if a plaintiff alleged several independent and separate acts of negligence, any one of which, if proved, was sufficient to entitle him to recover, his right of recovery would be defeated if he only proved one and not all the alleged acts. Eliminating the allegations in the complaint with respect to the defective brake chain, and all the testimony of the witnesses relating to the chain being spliced with worn wire, the complaint is still left good, and the evidence sufficient to entitle the plaintiff to recover.

Aside from these considerations, the motion for nonsuit was properly overruled, because of the presumption of negligence arising in conformity with the maxim *"res ipsa loquitur."* That the plaintiff was injured by reason of the breaking of the chain and of the collision of cars operated and managed by the servants of the defendant while he was being transported as a passenger was amply shown by the testimony. From the facts and circumstances which the plaintiff showed in this regard a *prima facie* presumption arose that the accident was due to the negligence of the defendant or its servants. (3 Hutchinson on Carriers [3 Ed.], sections 1413, 1414; Moore on Carriers, p. 769; 3 Thompson, Com. on Law of Negligence, section 2754.) Had the plaintiff averred the relation of passenger and carrier, negligence in general terms arising from the breaking of the chain, and the collision of cars on which the plaintiff was being transported and which were operated and managed by the defendant's servants, and a resulting injury, counsel for appellant concede that the evidence, in conformity with the maxim, was sufficient to let the case to the jury. But it is urged that, since the plaintiff made specific allegations of negligence with respect to a particular defective and unsuitable brake and brake chain, he was required to prove such facts specifically as alleged by some direct evidence, independent of, and in addi-

tion to, any presumption arising from the application of the maxim. That is to say while the presumption arising from the maxim showed negligence of some kind on the part of the defendant, it did not sufficiently show the particular negligence alleged with respect to the defective brake chain; and since the plaintiff by his specific allegations confined his actionable negligence to a particular thing or defect, his right of recovery must be limited to the negligence concerning such thing or defect. Such claim is necessarily based upon the assumption (1) that the complaint contained no allegations of negligence, except such as related to the defective brake chain; (2) that the evidence is insufficient to show such a defect; and (3) that in a case, such as this, where the plaintiff is not required to allege nor prove in the first instance a particular defect, or any specific act or acts of negligence, he is required to make such proof if a particular defect or a specific act is alleged, independent of, and unaided by, any presumption of negligence arising from the circumstances, when such presumption points not alone to the particular thing or things alleged, but as well to other acts of negligence on the part of the defendant not alleged.

We have already held against the appellant on the first and second propositions assumed by it. We are also of the opinion that its contention cannot prevail as to the third. When it is shown that a person has sustained an injury under circumstances where the maxim referred to applies, he is not required in the first instance to prove any particular defect by evidence other than by the *prima facie* presumption, although the facts with respect to some defect are unnecessarily alleged with particularity in the complaint. All that the plaintiff here was required to aver and prove to entitle him to recover was the relation of passenger and carrier, that the accident through which he received his injuries was connected with the means or instrumentality used by the defendant in the transportation, and an injury resulting therefrom. When such facts were shown, a *prima facie* presumption arose that the accident was occas-

ioned by the defendant's negligence, and the burden was cast on it to show that it was not at fault and that the accident was not caused by its negligence. Because the plaintiff alleged and attempted to prove more than he was required to do did not displace the presumption of negligence as an element in his case nor change the rule of evidence with respect to the burden of proof. Had the plaintiff averred his freedom from contributory negligence when, as is the rule in this jurisdiction, such averment is not essential, the burden of proving such fact being upon the defendant, it might almost as well be said he was required to prove it before he was entitled to recover. The essential and ultimate fact alleged in the complaint and in dispute was the negligence of the defendant in causing the collision. A *prima facie* case of such negligence was proven by the showing of the circumstances of the collision heretofore referred to. That the plaintiff averred and undertook to show a defective brake chain as evidence of negligence causing the collision, did not waive nor affect the presumption of negligence arising from the circumstances, which was in itself sufficient to show such negligence. A relevant fact may frequently be proved in several different ways. The circumstances from which the presumption referred to arose were evidence for plaintiff of the fact of the defendant's negligence causing the collision. The evidence of a defective brake chain which the plaintiff produced was also some proof of such negligence, and was in aid of and not adverse to the presumption. And though he had failed in such proof, the presumption of negligence which had been shown to exist independent thereof was in no wise displaced nor weakened. We are of the opinion that no error was committed in overruling the motion for nonsuit. Other assignments of error are made, based upon the charge of the court and its refusal to charge as requested by the defendant. They present the same questions which we have already considered.

Complaint is also made of the following charge: "In deciding this case I charge you are the sole and exclusive judges

of the facts. You should look only to the evidence introduced and allowed to remain as evidence in the trial. You should not allow outside matters of any kind to influence your minds. It is your duty to pass upon the merits of this case according to the evidence given in open court, and exclude from your minds any special knowledge that any of you may have concerning this matter, except such matters as are of common knowledge. You should take into consideration the whole of the evidence relating to the case and all the facts and circumstances proved at the trial." Exception is taken to the language "except such matters as are of common knowledge." This instruction did no more than to tell the jury that they had a right to avail themselves of such general knowledge as all men possess, but not to resort to any special knowledge possessed by them. No error was committed in giving the charge. (*Sanford v. Gates*, 38 Kan. 405, 16 Pac. 807; *Craver v. Hornburg*, 26 Kan. 94.)

We think the judgment of the court below should be affirmed. It is so ordered. Costs to respondent.

McCARTY, C. J., and FRICK, J., concur.