McRae *v.* MORGAN & WRIGHT.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—COURSE
OF EMPLOYMENT—FINDING OF INDUSTRIAL ACCIDENT BOARD—
CONCLUSIVENESS.

In proceedings under the workmen's compensation act for
the death of plaintiff's husband, where there was evidence to justify the finding of the industrial accident
board that deceased's hand was injured in the course
of his employment, resulting in blood poisoning which
caused his death, the award of compensation by the board
will be affirmed.

Certiorari to Industrial Accident Board. Submitted
January 23, 1919. (Docket No. 123.) Decided April
3, 1919.

Elizabeth McRae presented her claim for compensation against Morgan & Wright for the accidental
death of her husband in defendant's employ. From
an order awarding compensation, defendant brings
certiorari. Affirmed.

*Alexander & Cotter,* for appellant.

*George M. Clark,* for appellee.

BIRD, C. J. The claim of plaintiff is that her husband, John McRae, met with an accident while in defendant's employ, which subsequently caused his death.
The compensation board made the usual death award
and defendant reviews the proceedings on the claim
that the testimony does not show that McRae's injury
arose out of and in the course of his employment. The
testimony discloses that John McRae was an old employee of defendant, having been in its employ nearly
five years. That on Sunday, April 21st, he, with another employee, August Small, was engaged in clean-

See notes in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114.

ing a bull gear in the room where the rubber was washed. To clean the gear it was necessary to remove a sheet iron cover which enclosed it. While doing so, it is claimed McRae's right hand was cut or scratched by the sharp edges of the cover. The witness, Small, testified that at about the time they finished removing the cover he noticed blood on McRae's hand but did not remember which hand. After that they proceeded to clean the gear. McRae went to work on Monday morning but was obliged to leave before the working hours were over because of an intense headache. Tuesday morning he was unable to go to his work. His landlady testified that his hand was very badly swollen, and that he complained that it pained him. Later in the day, on Tuesday, he visited Dr. Ash, defendant's physician, and afterwards called upon Dr. Thomas, and to both he expressed the opinion that his hand was rheumatic. Tuesday evening he left Detroit for Harbor Beach where he resided. Wednesday morning Dr. Armitage was called and found him suffering from septicemia. Red streaks were already running up his right arm. His temperature was 104. His right hand was very hot and badly swollen. The doctor testified these were symptoms of blood poisoning. The doctor also observed the scratch or abrasion between the second and third fingers of the right hand. Dr. Herrington, a surgeon from Bad Axe, was called in consultation and he agreed with Dr. Armitage that McRae was suffering with septicemia. All their efforts to stay the action of the poison failed. His left hand and arm soon became affected, and later in the week his lower limbs and finally his entire body became involved. On Sunday morning, April 28th, he died.

Counsel contends that there is no evidence in the record from which the board could find that his hand was scratched or cut by the sharp edges of the steel

cover. The witness, Small, testified that the edges of the cover were thin and sharp, and that on a prior occasion he had cut his hand in attempting to remove it, and further that at about the time they finished removing the cover he saw blood on McRae's hand and spoke to him about it. Jennings, a fellow employee, testified that on Monday he saw McRae picking a cut or abrasion on the back of his hand, near the center of his hand. Proof of the facts which we have narrated were sufficient to justify an inference that McRae's hand was cut or scratched in the manner claimed and that in cleaning the gear it became infected and resulted in septicemia or blood poisoning.

A great many questions are raised and discussed by counsel which we think were entirely within the province of the board. It will suffice to say that the main facts narrated here were sufficient to bring the question of accident within the domain of fact and consequently within the jurisdiction of the board and it was for them to weigh and decide upon the conflict in the testimony and to say what inferences should be drawn therefrom. With this view, it will be unnecessary for us to consider in detail the other questions which defendant's counsel have discussed.

The award is affirmed.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.