CUDAHY PACKING CO. OF NEBRASKA v. BROWN
et al.

No. 3815.   Decided July 19, 1922.   Rehearing denied November 3,
1922.   (210 Pac. 608.)

1. MASTER AND SERVANT—COMPENSABLE INJURY MAY BE PROVED BY
   CIRCUMSTANCES WITHOUT DIRECT EVIDENCE.   Facts may be in-
   ferred from the surrounding circumstances, and the absence of
   direct testimony is not conclusive that an injury did not occur,
   but the Industrial Commission has the right to make such
   reasonable inferences from the facts proven as in its judgment
   may be consistent with the contention of either party.[1]

2. MASTER AND SERVANT—FINDINGS SUPPORTED BY COMPETENT EVI-
   DENCE IN COMPENSATION CASE FINAL.   Findings of fact by the
   Industrial Commission supported by substantial competent evi-
   dence will not be disturbed on appeal, but the legal effect of
   the evidence is a question of law which it is the duty of the
   Supreme Court to decide.

3. MASTER AND SERVANT—EVIDENCE HELD INSUFFICIENT TO SHOW
   COMPENSABLE INJURY CAUSED BLOOD POISONING.   In a proceeding
   under the Workmen's Compensation Act, for the death of a
   meat packing plant employé from blood poisoning through a
   scratch, evidence held insufficient to justify the inference that
   the accident from which the injury resulted happened in the
   course of employment.[2]

Proceeding under the Workmen's Compensation Act by

---

[1] Dearden v. Railroad, 33 Utah, 147, 93 Pac. 271; Perrin v. Rail-
road, 59 Utah, 1, 201 Pac. 405; Garfield Smelting Co. v. Ind. Com.,
53 Utah, 133, 178 Pac. 57; Rockfeller v. Ind. Com., 58 Utah, 124, 197
Pac. 1038.

[2] Bingham Mines Co. v. Allsop, 59 Utah, 306, 203 Pac. 644.

Annie L. Brown for compensation for the death of her husband, William A. Brown, opposed by the Cudahy Packing Company of Nebraska. Review of award of the Industrial Commission in favor of claimant.

AWARD ANNULLED.

*Booth, Lee, Badger & Rich,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robt. Robinson, W. A. Hilton, W. Hal Farr,* and *L. A. Miner,* Asst. Attys. Gen., for defendants.

GIDEON, J.

This is a review of an award made by the Industrial Commission of Utah in favor of the defendant Annie L. Brown, widow of William A. Brown, deceased:

The plaintiff, Cudahy Packing Company, is a self-insurer, and the deceased was an employé of the company on September 24, 1921, and had been for some time previous. Death was caused by an infection in the left arm which developed into septicemia or blood poisoning. Brown died in January, 1922.

The Commission, among other things, found that the decedent was employed by plaintiff on September 24, 1921, at its packing plant in North Salt Lake, Utah; that on said date, while so employed, the deceased received an injury to his left arm by scratching on a meat hook, which resulted in blood poisoning causing death; that the decedent was employed in the offal department and was constantly exposed to various infections during the time of his employment; that his employment at times also consisted of hanging and cutting up various kinds of meat; that he received an injury to his left arm which became infected from the meats he was hanging; that he was obliged to discontinue his employment on September 30th as a result of such injury.

The contention of the plaintiff is that there is no competent substantial evidence in the record to support the finding that

the deceased received an injury while in the course of his employment. That presents the only serious question. The question of dependency was rightly determined by the Commission.

In its last analysis the question for determination by this court is: Can an award be sustained which is based on hearsay testimony only?

Two physicians testified in this case, one on behalf of the defendant Mrs. Brown. The other was the plaintiff company's physician. They agreed that septicemia caused the death. They also agreed that the infection that developed the blood poisoning resulted from, or was taken into the system by reason of, some break or scratch of the skin. Both physicians were also of the opinion that from the location of the infection, being in the left arm, it came from or through a scratch or break of the skin on the left hand or fingers. Other than hearsay testimony, there is no evidence in the record that any injury was received by the deceased at or about the time claimed by the widow. It is the testimony of the foreman under whom the deceased was working that he recalled an occurrence some day in the latter part of September, 1921, the exact date he could not remember, but did remember that it was upon the day that the deceased went home sick, when the deceased asked him (the foreman) to look at his (the deceased's) arm, and stated that it hurt him; that the foreman and the deceased went to the light by the window and looked over the arm; that the deceased then complained that his arm hurt, but upon close examination by both neither the foreman nor the deceased could see or find any mark, scratch, or bruise of any kind; that the deceased at that time told the foreman that he thought the pain he was suffering from was rheumatism. The deceased continued his employment until the 29th of September after which date he was unable to work. He went home on that date and did not again return to plaintiff's plant. On or about September 30th he called his family physician. This physician, in his testimony before the Commission, described the condition of the arm as he then saw it and stated that he did not

find any bad cuts or bruises or anything that looked like a black and blue surface, nor any laceration except that the skin was at that time breaking near the joint over the place of infection. Several witnesses testified to conversations had with the deceased after he became bedfast in which he told them, upon inquiry as to what was the trouble and what caused it, that he had a scratch from a meat hook at the plant. The deceased, after being home five days, sent word to the foreman of the plaintiff to make out an accident report for blood poisoning in the left arm. The foreman, in his report of the injury, wrote in the blank space following the printed question, "What did injured say was the cause of the accident?" these words, "Told foreman his arm was getting painful, but did not know when it happened or any cause for the pain; thought it was rheumatism."

A careful review of the testimony does not, in our judgment, disclose any evidence corroborating or supporting the statements of the deceased as testified to by the witnesses save the fact that in some way the deceased did receive an injury, and that blood poisoning resulted therefrom. It is the testimony of the physicians that any break in the continuity of the skin might result in blood poisoning. Such break or abrasion might result from a pin prick, a scratch, or a bruise. It appears that the deceased had his home on a small farm approximately 2½ miles north of his place of employment, and that he resided thereon with his wife and one son. It also appears that they kept a cow and some chickens there. It does not appear, however, that the deceased took any part in the care of either the cow or the chickens. It also appears that the deceased frequently drove to and from his work in his own automobile, and at times was known to repair the same. The widow testified that her husband frequently had cuts or scratches on his hands on returning from his work.

It is the contention of the defendants, represented by the Attorney General, and it evidently was the opinion of the Commission, that in view of all the circumstances and the nature of the employment the probability was that the de-

ceased received the injury while engaged in his work.   It is further contended that under all the circumstances such probability is not only the more reasonable conclusion, but the only rational conclusion, that can be arrived at, as to how the injury which resulted in death in this case occurred; in other words, it being the agreed testimony of the physicians that the injury resulted from a break in the skin on the hand or arm, that that break or cut was received at plaintiff's plant in the course of employment rather than elsewhere.

True it is that the testimony of the physicians is to the effect that some injury somewhere must have been received. But does that fact alone warrant the Commission in concluding that the evidence is sufficient to support a finding that it was received in the course of employment?   It should be remembered that the deceased made no statement to any one about having received a cut on the arm until some days after the accident is claimed to have happened.   On the contrary, the undisputed testimony is that he stated to the foreman that he thought he had rheumatism.

This court, in common with other courts, is committed to the doctrine that facts may be inferred from the surrounding circumstances of any particular case, and that the absence of direct testimony is not conclusive that an injury did not occur, but that the Commission, or a jury, has the right to make such reasonable inferences from the facts proven as in its judgment may be consistent with the contention of either party.   *Dearden* v. *Railroad*, 33 Utah, 147, 93 Pac. 271; *Perrin* v. *Railroad*, 59 Utah, 1, 201 Pac. 405.   In this case, however, from the nature of the injury, there is nothing to establish the fact that the accident from which the injury resulted occurred at plaintiff's plant.   From the testimony it might just as reasonably be inferred that the accident occurred at the home of the deceased; or that it occurred on his way either to or from his work.   No one saw the cut, if there was a cut, or scratch upon the hand, fingers, or arm.   In fact, it is not shown that one ever existed. Until some proof is adduced showing that an accident happened at the plant of the plaintiff or facts proven from which

it can reasonably be inferred that such accident did happen at plaintiff's plant, we do not see how there is any substantial or any evidence save hearsay testimony from which the inference can be deduced that death resulted from an accident which happened in the course of deceased's employment.

In the course of the opinion in *Garfield Smelting Co.* v. *Ind. Com.*, 53 Utah, 133, 178 Pac. 57, this court said:

We, however, agree with the New York Court of Appeals, as expressed in 218 N. Y. 439, 113 N. E. 507, Ann. Cas. 1918B, 540, that, although the Commission in its investigations may have recourse to hearsay evidence to assist it at arriving at the real facts, yet, when it makes its findings, every finding of fact must be based on some substantial legal and competent evidence. In other words, every material finding that is entirely based on hearsay or other incompetent evidence is not supported by substantial evidence, and cannot be permitted to stand if seasonably and properly assailed."

See, also, *Rockfeller* v. *Ind. Com.*, 58 Utah 124, 197 Pac. 1038.

In *Wolford* v. *Geisel Moving & Storage Co.*, 262 Pa. at page 458, 105 Atl. at page 832, the court says:

"In the recent case of *McCauley* v. *Imperial Woolen Co.*, 261 Pa. 312, 104 Atl. 617 in discussing the question of proof in a workmen's compensation case, we held that in claims made under this statute liberality in the admission of proof and the inferences reasonably to be drawn therefrom were to be kept clearly in mind; but we also held that the referee and the Workmen's Compensation Board have no right to find material facts on hearsay testimony alone, but that the findings must rest upon such relevant and competent evidence of sound probative character as remains after excluding from consideration the hearsay testimony, whether such testimony be either circumstantial or direct."

The defendants rely on the case of *Manziano* v. *Public Service Gas Co.*, 92 N. J. Law, 322, 105 Atl. 484. An examination of the opinion in that case discloses that the evidence supporting the finding that the accident happened in the course of employment was much stronger than it is in the present case. In that case the deceased, a night watchman, was found dead at the place of employment. His duties required him to guard a trench from which gas was escaping, and in which it was dangerous for workmen to remain longer than five or six minutes at a time. The deceased was last

seen alive in the discharge of his duties at or near this trench at 4 o'clock a. m. and his body was found asphyxiated in the bottom of the trench at 6 a. m.  The court held in that case that the inference that the accident resulting in death was received in the course of employment was a reasonable inference and one supported by the circumstances surrounding the employment.  We find no fault with the reasoning of the court in that case.  Among other cases cited by defendants are *State ex rel. Albert Dickinson Co.* v. *District Court,* 139 Minn. 30, 165 N. W. 478; *McRae* v. *Morgan & Wright,* 205 Mich. 493, 171 N. W. 394.  In those cases similar conditions existed as in the *Manziano* Case, and they are readily distinguishable from the case at bar.

The findings of the Commission on questions of fact in cases in which there is substantial competent evidence to support such findings will not be disturbed by this court. That has been announced in a number of cases.  But the legal effect of the evidence produced is a question of law which it is the duty of this court to decide.

As we view it, this is not a case in which the physical surroundings are such that the Commission or a court may reasonably infer, to the exclusion of other causes, that the accident from which the injury resulted happened in the course of employment.  The case of *Bingham Mines Co.* v. *Allsop,* 59 Utah 306, 203 Pac. 644, recently decided by this court, and *Fogarty* v. *National Biscuit Co.,* 221 N. Y. 20, 116 N. E. 346, are illustrative of the class of cases authorizing inferences from the surrounding facts.

In this case we do not find any substantial testimony in the record, excluding the hearsay testimony, upon which the Commission could base an award in favor of the dependents.  The order of the Commission making an award is therefore annulled.

### On Application for Rehearing.

The defendants, Annie L. Brown and the Industrial Commission, have filed a petition for rehearing.  The relief sought, as stated in the prayer of the application, is:

"That a rehearing be granted herein, and that on such rehearing the decree of this court be modified so that it will direct that such case be remanded to the Industrial Commission of Utah for further proceedings. * * *"

The authority of this court to review proceedings of the Industrial Commission is found in section 3148, Comp. Laws Utah 1917, as amended by chapter 67, Laws 1921. The power under subdivision "c." of that section is:

"Upon the hearing, the court shall enter judgment either affirming or setting aside the award."

It is apparent from the language used that the court is without authority to direct the Commission in its further action, so far as any application before it is concerned. The court evidently could, under this statute, in a case where the Commission had adopted a wrong basis for its computation in making an award, direct the Commission to make an award in conformity with the views of the court. This court has so held in a former case. *State Road Com. v. Ind. Com.*, 56 Utah, 252, 190 Pac. 544.

We express no opinion as to the power or right of the Commission to reopen the case and hear additional testimony after review of the record by this court. It is the opinion of the majority of the court that the question should not be determined until it is before us based upon some ruling of the Commission either granting or denying an application to reopen the case after this court has affirmed or annulled the award.

Several affidavits are attached to the brief and argument in support of the petition for rehearing. These affidavits purport to state additional testimony that the claimant, Mrs. Brown, could present to the Commission. It is hardly necessary to say that this court is without authority to consider the affidavits either in reviewing the record or in considering the petition for rehearing.

Rehearing denied.

CORFMAN, C. J., and WEBER and THURMAN, JJ., concur.