### BURBIDGE v. UTAH LIGHT & TRACTION CO.

No. 3801.   Decided December 11, 1922.   (211 Pac. 691.)

1.   MASTER AND SERVANT—STREET RAILROAD'S SLOW-DOWN SIGN HELD SUFFICIENT.   Where a motorman was killed by the overturning of a street car at a curve visible at least 500 feet therefrom, and there was a slow-down sign approximately that distance from the curve, it was not error to take from the jury the question of negligence in failing to place a slow-down within a reasonable distance from the curve.

2.   MASTER AND SERVANT—KNOWLEDGE BY STREET CAR COMPANY OF DEFECTIVE BRAKES ESSENTIAL TO LIABILITY FOR MOTORMAN'S IN-

JURIES. As between a motorman 'and a street car company, a defective condition of the brakes causing injury is insufficient to establish the company's liability or warrant submitting the issue to the jury, in the absence of any evidence that the company knew, or might in the discharge of their duty by proper inspection have known of the defect.[1]

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie,* Judge.

Action by John B. Burbidge, administrator of the estate of Peter Peterson, deceased, against the Utah Light & Traction Company. From a judgment in favor, of defendant, plaintiff appeals.

AFFIRMED.

See, also, 57 Utah, 566, 196 Pac. 556.

*J. J. Whitaker* and *Parley Jenson,* both of Salt Lake City, for appellant.

*Bagley, Fabian, Clendenin & Judd,* of Salt Lake City, for respondent.

WEBER, J.

---

[1] *Mangum* v. *Bullion, etc., M. Co.,* 14 Utah, 541, 50 Pac. 834; *Dearden* v. *San Pedro, L. A. & S. L. R. Co.,* 33 Utah, 147, 93 Pac. 271; *Dederichs* v. *Railroad Co.,* 13 Utah, 34, 44 Pac. 649; *Hall* v. *Railroad Co.,* 13 Utah, 243, 44 Pac. 1046, 57 Am. St. Rep. 726; *Lowe* v. *Salt Lake City,* 13 Utah, 91, 44 Pac. 1050, 57 Am. St. Rep. 708; *Saunders* v. *Southern Pac. Co.,* 13 Utah, 275, 44 Pac. 932; *Woods* v. *Southern Pac. Co.,* 9 Utah, 146, 33 Pac. 628; *Leak* v. *Railway Co.,* 9 Utah, 246, 33 Pac. 1045; *Handley* v. *Daly Min. Co.,* 15 Utah, 176, 49 Pac. 295, 62 Am. St. Rep. 916; *Linden* v. *Anchor Min. Co.,* 20 Utah, 134, 58 Pac. 355; *Reddon* v. *U. P. Ry. Co.,* 5 Utah, 344, 15 Pac. 262; *Seley* v. *Ogden Ry. & Depot Co.,* 8 Utah, 128, 30 Pac. 305; *Chapman* v. *Southern Pac. Co.,* 12 Utah, 30, 41 Pac. 551; *Utah Sav. & T. Co.* v. *Diamond Coal & Coke Co.,* 26 Utah, 299, 73 Pac. 524; *Cunningham* v. *U. P. Ry. Co.,* 4 Utah, 206, 7 Pac. 795.

Appellant, administrator of the estate of Peter Peterson, deceased, sued to recover damages on account of the death of said Peterson, a motorman in the employ of defendant.

Five acts of negligence on the part of defendant are pleaded in the complaint: (1) That defendant failed to place a stop or slow-down sign within a reasonable distance from a curve where the street car was overturned and the motorman killed. (2) That the accident was due to defective brakes. (3) That there was a defective roadbed. (4) That there was a defective curve. (5) That there were no guard rails at the curve.

None of the issues relating to the alleged negligence of the defendant were submitted to the jury except that of the defective curve, on which the jury, by its verdict, found in favor of the defendant, who is respondent here.

Appellant's assignments of error are as follows:

"(1) That the court erred in taking from the consideration of the jury the question of negligence in relation to the failure of the defendant to place a stop or slow-down sign within a reasonable distance from the curve.

"(2) The court erred in taking from the consideration of the jury, in connection with all the other surrounding facts and circumstances, the question of the defective brakes as alleged and as shown by the evidence.

"(3) The court erred in instructing the jury that they could not consider the question of failure to place a slow-down or stop sign within a reasonable distance from the curve, nor could they consider the proof offered on the defective brakes in connection with all the surrounding circumstances proven in the case and instructing the jury 'that they will have nothing further to do with them.' "

The first assignment of error must fail because no evidence was presented that a stop or slow-down sign was necessary or required at or near the curve. The evidence was to the effect that the curve could be seen by the motorman at least 500 feet therefrom, and that there was a slow-down sign approximately that distance from the curve. It is obvious that on this subject there was nothing for submission to the jury.

It is next argued by appellant's counsel that—

"The proof of negligence on the part of the defendant as shown in relation to the brakes alone was sufficient to go to the jury."

As stated in the brief of counsel for appellant:

"The plaintiff's proof on this point consisted of the direct testimony of Agnes Sear and Mr. and Mrs. Hammond, who testified that somewhere within a hundred yards of the curve Mr. Peterson was seen applying the brakes, and there was no perceptible slacking of the car, and that immediately upon the turning over of the street car, while Mr. Peterson was pinned underneath the car, and a short time before his death, he exclaimed. 'The brakes wouldn't work.'"

In the complaint it is alleged that the defective condition of the brakes was known to defendant, or could have been known by proper inspection. Assuming, then, that the evidence indicated a defective condition of the brakes, it yet fails to establish negligence in that regard. As between master and servant, a defective condition alone 2 that causes injury to the servant is not enough to charge the employer with liability. The principle as announced in all the books is that when an employee is injured in consequence of a defect in the machinery or appliances furnished by the employer, the latter is not liable in damages unless he had notice of the defect, or might, in the exercise of his duty, have known it. Of course, positive knowledge is not necessary. If the defective condition was discoverable by a proper discharge of the employer's duty, as when it might have been known by proper inspection, that is enough to charge the employer with notice. But no such evidence was offered by plaintiff—not a scintilla of evidence from which notice to or knowledge by the defendant of any defective condition of the brakes could possibly be inferred.

Counsel rely upon *Mangum* v. *Bullion, etc., M. Co.,* 15 Utah, 541, 50 Pac. 834. In that case the negligence of the employer, clearly including the element of knowledge or implied knowledge, was shown. In *Dearden* v. *San Pedro, L. A. & S. L. R. Co.,* 33 Utah, 147, 93 Pac. 271, it was a passenger who was injured, and the doctrine of res ipsa loquitur was applied, a doctrine not invocable in a suit when an employee and not a passenger is plaintiff.

A number of other Utah cases are cited by appellant.

None of them conflict with the ruling of the trial court in the instant case. It is not necessary to review them. They are *Dederichs* v. *Railroad Co.*, 13 Utah, 34, 44 Pac. 649; *Hall* v. *Railroad Co.*, 13 Utah, 243, 44 Pac. 1046, 57 Am. St. Rep. 726; *Lowe* v. *Salt Lake City*, 13 Utah, 91, 44 Pac. 1050, 57 Am. St. Rep. 708; *Saunders* v. *Southern Pac. Co.*, 13 Utah, 275, 44 Pac. 932; *Woods* v. *Southern Pac. Co.*, 9 Utah, 146, 33 Pac. 628; *Leak* v. *Railway Co.*, 9 Utah, 246, 33 Pac. 1045; *Handley* v. *Daly Min. Co.*, 15 Utah, 176, 49 Pac. 295, 62 Am. St. Rep. 916; *Linden* v. *Anchor Min. Co.*, 20 Utah, 134, 58 Pac. 355; *Redden* v. *U. P. Ry. Co.*, 5 Utah, 344, 15 Pac. 262; *Seley* v. *Southern Pac. Co.*, 6 Utah, 319, 23 Pac. 751; *Andreson* v. *Ogden Ry. & Depot Co.*, 8 Utah, 128, 30 Pac. 305; *Chapman* v. *Southern Pac. Co.*, 12 Utah, 30, 41 Pac. 551; *Utah Sav. & T. Co.* v. *Diamond Coal & Coke Co.*, 26 Utah, 299, 73 Pac. 524; *Cunningham* v. *U. P. Ry. Co.*, 4 Utah, 206, 7 Pac. 795.

It being only a repetition of assignments 1 and 2, appellant's third assignment of error need not be considered.

Judgment affirmed.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.