PARK CITY v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4091.   Decided March 18, 1924.   (224 Pac. 655.)

1. MASTER AND SERVANT—AWARD OF COMPENSATION NOT SUSTAINED BY HEARSAY OR INCOMPETENT EVIDENCE. A material finding of fact based entirely upon hearsay or incompetent evidence cannot stand and will not sustain an award of the Industrial Commission under the Workmen's Compensation Act.[1]

2. MASTER AND SERVANT—FINDING OF COMPENSABLE INJURY CAUSING DEATH SUSTAINED. Evidence *held* to sustain a finding of the Industrial Commission that decedent, a town marshal, sustained an injury in the course of his employment which resulted in his death.

3. MASTER AND SERVANT—REVIEW IN COMPENSATION CASE LIMITED TO QUESTION WHETHER FINDINGS ARE SUPPORTED BY COMPETENT EVIDENCE. The appellate court is limited to the question

[1] *Garfield S. & R. Co.* v. *Ind. Comm.*, 53 Utah, 133, 178 Pac. 57; *Rockefeller* v. *Ind. Comm.*, 58 Utah, 124, 197 Pac. 1038; *Cudahy P. Co.* v. *Brown*, 61 Utah, 29, 210 Pac. 608.

whether the findings of the Industrial Commission have legal support in the evidence.

Application by Park City, a municipal corporation, as employer, against the Industrial Commission of Utah, to annul an order entered by the Commission requiring employer to pay Rachel Mair compensation for the death of Charles W. Mair, employee.

AWARD OF THE COMMISSION AFFIRMED.

*Dan B. Shields,* of St. Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

CHERRY, J.

The Industrial Commission upon finding, among other necessary facts, that Charles W. Mair, in the course of his employment as city marshal of Park City, sustained an injury which resulted in his death, awarded compensation to be paid by his employer to his widow, Rachel Mair. Alleging that the award should be annulled for the reason that the finding that deceased sustained an injury which resulted in his death is not supported by any substantial, legal or competent evidence, but rests wholly upon hearsay, the employer, Park City, has brought the case here by writ of review.

The finding of fact made by the Industrial Commission, which is assailed, is as follows:

"That on November 29, 1922, Charles W. Mair was employed as city marshal of Park City, Utah, by the Park City municipal corporation; on said date, while engaged in attempting to arrest a drunken man, named D. Galloway, the marshal slipped, fell, and injured himself, the accident occurring in front of the Summit meat and grocery store, causing the marshal to sustain severe injury to his spine; that as a result of said injury the marshal was totally disabled from the date of said injury up to the date of his death, on June 28, 1923; that his death was a result of the injury sustained on November 29, 1922."

It is settled law in this state that a material finding of fact, based entirely upon hearsay or incompetent evidence cannot stand, and will not sustain an award.	1
*Garfield S. & R. Co.* v. *Ind. Comm.*, 53 Utah, 133, 178 Pac. 57; *Rockefeller* v. *Ind. Comm.*, 58 Utah, 124, 197 Pac. 1038; *Cudahy P. Co.* v. *Brown*, 61 Utah, 29, 210 Pac. 608.

The single question presented is whether there was substantial legal and competent evidence that the deceased sustained an injury in the course of his employment which resulted in his death.

It was stipulated that the deceased was employed as city marshal by Park City on the date of the alleged injury.

At the beginning of the hearing, Mr. Knerr, a member of the Industrial Commission, asked, "Can we stipulate that Charles W. Mair on the 29th day of November, 1922, was injured by reason of an accident arising out of or in the course of his employment" to which Mr. Townsent, the attorney for Park City, replied, "I think we had better take evidence on that point, although I would be willing to admit that he was injured."

Rachel Mair, the wife of deceased, testified that her husband came home in the evening of November 29, 1922, and said "he was all in"; he could not get off his clothes or his rubbers, and asked me to help him. He said he had a tussle with a drunk. He said he arrested this man in front of the Summit meat market, and, his feet being on the slippery ice, he fell backwards and struck across an iron railing by the butcher shop; that the fellow jerked away from him and pulled him, and he struck his back on this railing. He was propped up in bed, and all night long he complained of pain in his back. The next day he walked uptown, but was unable to walk back. He was confined to the house thereafter until his death. He became paralyzed a month or six weeks after the injury. He was confined to his bed, and the only time he got up was when we lifted him.

O. D. Zeigler, a meat cutter, testified that he, was standing in the Summit Meat Market; he heard a little commotion and glanced up in time to see deceased attempting to arrest some one in front of the store; that he saw the fellow give

deceased a sort of push against an iron railing along the side of the building. Both men came in the store. Deceased did not complain, but looked to be in distress over something. About that time Mr. Brown, a policeman, came along, and they took the man to jail.

S. A. Brown, a policeman, testified that on November 29, 1922, he knew that deceased made an effort to arrest a man named D. Galloway; that witness came along later and brought the man to jail. He did not know whether deceased had had a fall or not because, he said: "I wasn't there. I got there after." Deceased did not tell him he had fallen. After the occurrence he told deceased not to come back, because he knew he was not well.

Dr. R. V. Barta, the attending physician, testified that he reported in writing to the Industrial Commission on June 29, 1923, as follows:

"I wish to inform in reference to the above case that Mr. Mair died June 28, 1923, as a result of the injury received while on duty as the town marshal on about the 29th or 30th of November, 1922."

That his conclusion was based on the injury received November 29, 1922, and on the fact that from the first day he (Mair) was unable to leave his bed and suffered great pain; that an X-ray taken showed pressure on the spinal cord; and also from the symptoms which followed progressively—jerking of the limbs, showing the spinal cord was affected, then paralysis, vomiting, etc. The cause of death was myelitis— inflammation of the spinal cord—which may be the result of disease or injury; either one. That his judgment was that the disease was provoked by the injury, but that he may have had some "T. B."

Mr. H. S. Townsend, city attorney of Park City, testified on behalf of the city to the effect that the matter was brought up in the city council and "after some discussion they concluded he (deceased) was injured, at least they were willing it should be so considered, and from that time on they ordered compensation paid but they did not have the slightest idea—I don't think—I know the mayor didn't, nor I didn't—that in case of his death there would be a claim for compensation." He made the further statement:

Certiorari

"I wish to say that if in the judgment of the Commission his death actually resulted from an injury, the city will be only too glad to pay compensation, but it is not my belief, and I know it is not the belief of the mayor, that that accident had anything to do with the resultant death."

It was stipulated that the city had voluntarily paid compensation to deceased from December 8, 1922, to May 31, 1923, at the rate of $16 per week.

There was considerable evidence tending to show that before the alleged injury the deceased had been in poor health and was suffering from miner's consumption, and the claim of the city was that his death was caused by disease, and was not the result of injury by accident. The controversy does not concern us here. The Industrial Commission having found the fact against the city, our inquiry is limited to whether its finding has legal support in the evidence. And from the evidence above quoted it is apparent that, excluding all hearsay and incompetent evidence, there remains substantial competent proof that the deceased sustained the injury and that it caused his death. The competent evidence, consisting of the admissions of the city, the direct evidence of Zeigler and Brown, much of the evidence of Rachel Mair, and the direct and opinion evidence of Dr. Barta, constitutes a substantial legal basis for the findings of the Commission.

It follows that the award should be, and it is, affirmed, with costs to defendant.

GIDEON, THURMAN, and FRICK, JJ., concur.

WEBER, C. J., did not participate.