LOOS v. MOUNTAIN FUEL SUPPLY CO et al.

No. 6211. Decided December 16, 1940. (108 P. 2d 254.)

*Ingebretsen, Ray, Rawlins & Christensen, Joseph S. Jones, Badger, Rich & Rich,* and *W. H. Folland,* all of Salt Lake City, for appellants.

*L. B. Wight,* of Salt Lake City, for respondent.

WOLFE, Justice.

This is an appeal from a judgment based on a verdict in which respondent, plaintiff below, was awarded damages in the amount of $12,716, against appellants, defendants below. Respondent's injuries and claimed damages arose out of an explosion which occurred beneath a certain cabin of the Utah Motor Park which cabin was at that time rented and occupied by respondent and her husband. Respondent alleged that the explosion was caused by the ignition of gas with which the cabin was equipped for heating and cooking

In her complaint respondent alleged that appellants were negligent in that they excavated the hole in which the gas furnace was installed in such a manner that the walls of the cabin later settled and rested on the gas pipes leading to the gas furnace causing them to break and leak. We find no evidence in the record to support such allegation. Respondent alleged but failed to prove that appellants neglected properly to ventilate the area beneath the cabin floor. Respondent also alleged that appellants negligently failed to inspect the premises to discover gas leaks and negligently continued to furnish gas after they knew or should have known that leaks existed. No evidence was introduced to show negligence in this regard. Certain witnesses testified that on other days they smelled gas near respondent's cabin and there is a conflict as to whether or not the Motor Park was notified of said gas odors. But respondent testified that she smelled no gas in her cabin and an employee of the Motor Park testified that she was in the cabin shortly before the explosion but smelled no gas. From the evidence it does not appear that the Motor Park Company or the Gas Company had actual notice of any gas leaks under or near respondent's cabin.

The lower court erred in failing to direct a verdict in favor of appellant Gas Company. The Gas Company sold gas to the Motor Park. It had no dealings with, and was a stranger to, respondent and other tenants of the Motor Park. Its agreement was to deliver gas to the Motor Park at its two meters. (One for all furnaces and one for all ranges). It did not deliver gas to individual tenants. The Gas Company looked to the Motor Park for payment—not to the tenants. Employees of the Gas Company went on the Motor Park's premises only upon invitation. They had no control over the gas pipes and appliances within the Motor Park beyond the gas meters. Although the Gas Company made certain repairs without charge it did so only when requested by the Motor Park. The fact that it made said repairs does not prove that it exercised control over the gas appliances, but rather it emphasizes the fact that the Motor Park and not the Gas Company exercised control because the Gas Company did no more than render courtesy service *to the Motor Park* when requested. It is true that as a supplier of a dangerous substance a gas company is bound to high degree of care and if after notice of a leak or possible danger, it continues to supply gas under pressure it may be held liable for damage caused by such leak. See cases cited infra. But unless the Gas Company, through its employees, knew of some leak or danger and failed to take steps to prevent an explosion it cannot be charged with negligence. No such knowledge on the part of the Gas Company has been shown. Although certain witnesses testified that a gas odor was noticeable in the Motor Park prior to the explosion there was no showing that employees of the Gas Company detected or should have detected such odor, or even that said employees ever were near the places, where witnesses smelled gas. A supplier of gas which does not install gas pipes or appliances on another's premises, does not own or control them, has no duty to inspect them, and has no actual knowledge of leaks or defects, is not liable for damages resulting from a gas

explosion on said premises. *Okmulgee Gas Co.* v. *Kelly,* 105 Okl. 189, 232 P. 428; *Price* v. *MacThwaite Oil & Gas Co.,* 177 Okl. 495, 61 P. 2d 177; *Clare* v. *Bond County Gas Co.,* 356 Ill. 241, 190 N. E. 278; *Wilson Gas Utilities Corp.* v. *Baker,* 276 Ky. 368, 124 S. W. 2d 489; *Metz* v. *Georgia Public Utilities Corp.,* 52 Ga. App. 771, 184 S. E. 629; *H. B. Agsten & Sons, Inc.* v. *United Fuel Gas Co.,* 117 W. Va. 515, 186 S. E. 126; *Lewis* v. *Southern California Gas Co.,* 92 Cal. App. 670, 672, 268 P. 930; *Moran Junior College* v. *Standard Oil Co. of California,* 184 Wash. 543, 52 P. 2d 342; *Kelley* v. *Public Service Co. of Northern Ill.,* 300 Ill. App. 354, 21 N. E. 2d 43; *Holsclaw's Adm'r* v. *Louisville Gas & Electric Co.,* 267 Ky. 56, 100 S. W. 2d 805; 24 Am. Jur. 686, § 32. See Annotations in 25 A. L. R. 272; 47 A. L. R. 490; 90 A. L. R. 1088.

From what has been said, it would also appear that the trial court should not have submitted to the jury the issue of whether the Motor Park Company had committed the specific acts of negligence alleged in the complaint for the reason that there was no evidence of such negligence. However, at the time the motion for a directed verdict was made respondent urged that the doctrine of res ipsa loquitur applied in this case and that the evidence was such that the court should instruct the jury on that theory.

The doctrine of res ipsa loquitur cannot be invoked against the Gas Company because it did not have any control over the gas facilities where the explosion occurred. *Gerdes* v. *Pacific Gas & Electric Co.,* Cal. App., 13 P. 2d 393; *Ingledue* v. *Davidson,* 102 Cal. App. 703, 283 P. 840. It had taken no part in the installation of said appliances and had assumed no liability to keep them in repair. All it did was make minor adjustments when so requested.

Respondent and her husband had occupied a cabin in the Motor Park for one week and had paid in advance their rent for another week. The motor Park as part of the

consideration for the weekly rental payment furnished linen for the cabins and gas to operate the cooking stove and furnace. Respondent and other tenants could turn off and on these gas appliances, and to that extent exercised control over them. But the gas furnace itself and certain gas pipes were beneath the floor of the cabin and beyond the reach of tenants. There was testimony that gas leaks beneath other cabins were repaired by workmen summoned by, and at the expense of, the Motor Park — in no instance by a tenant. It appears, therefore, that the gas furnace and the pipes beneath the cabin were under the exclusive control of appellant Motor Park. Although evidence as to the exact location of the explosion or the exact spot of the gas leak was not available, it was testified that the floor of the cabin was burst upward by the explosion and that the circular sheet metal guard which surrounded the furnace was bent inward. Clearly, the logical inference from such testimony would be that the explosion occurred beneath the cabin and outside the furnace sheath. A further inference is that the explosion was caused by the ignition of gas beneath the cabin which exploding gas was not within and did not come from the furnace or the range, the appliances over which respondent exercised some control, but was in an area and leaked from pipes controlled exclusively by the Motor Park. Appellant Motor Park has protested that no proof has been given that the explosion was caused by gas or that gas leaked from the pipes. But in the absence of any other probable cause for the explosion and with knowledge of the properties and explosive force of gas and the course of the gas pipe lines, the jury, under a pleading alleging facts which would bring the case within the doctrine of res ipsa loquitur, would be justified in concluding that the explosion was caused by gas which had escaped from the gas mains. One who pleads and establishes that an explosion which caused him injury occurred in an area controlled exclusively by another and that he had a right

to be in said area may invoke the doctrine of res ipsa loqui-
tur. *Paul V. S. L. R. Co.*, 34 Utah 1, 95 P. 363; *Dearden* v.
*S. P., L. A. & S. L. R. Co.*, 33 Utah 147, 93 P. 271; *Anger-
man Co.* v *Edgemon*, 76 Utah 394, 290 P. 169, 79 A. L. R.
40; *Wright* v. *Southern Counties Gas Co.*, 102 Cal. App. 656,
283 P. 823; *Van Horn* v. *Pacific Refining & Roofing Co.*,
27 Cal. App. 105, 148 P. 951.

Appellant Motor Park cites *Jenson* v. *S. H. Kress & Co.*,
87 Utah 434, 49 P. 2d 958, and *Quinn* v. *Utah Gas & Coke Co.*,
42 Utah 113, 129 P. 362, 43 L. R. A., N. S., 328, in con-
tending that res ipsa loquitur does not apply here. But
those cases held that res ipsa loquitur was not avail-
able to plaintiff because the things which caused the
damage (broken glass, ink) were not under the *exclusive*
control of defendant and it was speculative as to whether or
not defendant or someone else set the stage onto which the
injured party walked, or whether defendant knew in ad-
vance of the dangerous condition. In the instant case, the area
below the floor which was the site of the explosion was
open to no one but the Motor Park or its agents. No
speculative element, as to whether or not some stranger
might have tampered with the pipes and set the stage for
the explosion, presents itself. Under the doctrine of res ipsa
loquitur it is a jury question whether in view of the evi-
dence the Motor Park was negligent. When a party without
fault of his own is injured by an instrumentality under the
exclusive control of another and such injury ordinarily
would not occur if proper care were exercised, an inference
may arise under the doctrine of res ipsa loquitur that the
party controlling said instrumentality was negligent re-
gardless of any proof of specific acts of negligence. But
it is the province of the fact finder (the jury or the court
where no jury is sitting) to draw or to reject such infer-
ence. See *Zoccolillo* v. *O. S. L. Ry. Co.*, 53 Utah 39, 177 P.
201.

Since the evidence in this case is sufficient to invoke
the doctrine of res ipsa loquitur (even though as to the

specific acts of negligence alleged there was not enough to go to the jury) respondent urges that the verdict and judgment should be upheld. We cannot do this, however, for the reason that the trial court failed to present that theory to the jury when requested to do so but instead instructed as follows:

"Instruction No. 4. If you find from the evidence that the defendant Mountain Fuel Supply Company knew that the system of pipes within the premises of the defendant Park Company was defective, if you find they were, and *that said pipes were leaking and gas was escaping therefrom.* * * * If, therefore, you further find from the evidence that after said defendant Mountain Fuel Supply Company had knowledge of such defective pipes. * * *" (Italics added.)

We are thus confronted with this situation: The complaint set out certain alleged acts of negligence which the evidence fails to support. However, the evidence does reveal facts and circumstances which invoke the doctrine of res ipsa loquitur. The jury was instructed only on the theory of definite acts or omissions as constituting the negligence complained of. On appeal respondent seeks to have the judgment affirmed because the jury would have been justified in reaching the same verdict on a theory which was not presented to them to consider, to-wit: the doctrine of res ipsa loquitur. But as stated above, we cannot do so. Where the trial court has proceeded on one theory and put the case to the jury on that theory, it must be assumed that the jury considered the case on such theory. And on appeal this court must ask itself whether, on the record, the parties have had a fair trial. It can hardly be said that a party has had a fair trial where he is required to meet issues on one theory and the jury considers the case on that theory, and the same cannot be sustained on the record, yet the appellate court nevertheless affirms the judgment because, under another theory rejected by the lower court, the jury might have reached the same verdict. Furthermore we do not think that the pleadings were in shape for the trial

court to instruct on res ipsa loquitur as requested by plaintiff.

In some cases where specific acts of negligence are alleged in the complaint the specific allegations of violation of duty can be ignored and the pleadings still show a cause of action based on res ipsa loquitur. *Angerman Co.* v. *Edgemon*, 76 Utah 394, 290 P. 169, 79 A. L. R. 40; ██ ██ *Dearden* v. *San Pedro, L. A. & S. L. R. Co.*, 33 Utah 147, 93 P. 271. Nevertheless we think one who wishes to rely on that doctrine, as well as specifically assigned acts of negligence, must so plead, either by a separate court or by proper allegation to the effect that the negligence to be inferred from the general situation caused the injury, thereby notifying the other party that he intends to rely on the doctrine of res ipsa loquitur. To set out by way of inducement a situation which itself may bespeak a prima facie case of negligence and then follow with allegations of specific negligence and allege that by "reason of such negligent acts and omissions on the part of the defendant [referring to those specifically alleged] the plaintiff was injured", etc., does not sufficiently put the defendant on notice that the plaintiff is going to rely on the situation itself to furnish any inference of negligence.

The case must, therefore, be reversed; but whether with instructions to grant a new trial or to dismiss the action must also be determined.

As to the Mountain Fuel Supply Company the action should be dismissed. The evidence against it is insufficient as heretofore set out both as to the doctrine of res ipsa loquitur and the specific acts of negligence alleged, and it does not appear with reasonable probability that on a retrial a case could be made out against the Gas Company.

The situation is different with respect to the Utah Motor Park Company. We have already heretofore determined that the evidence was sufficient to invoke the doctrine of

res ipsa loquitur. But the question of appellant's alleged negligence by reason of the facts and circumstances invoking the doctrine was for the jury. It is within the discretion of the reviewing court on reversal either to order that the case be dismissed or to grant a new trial. *Schroeder* v. *S. L. T. V. G.*, 60 Cal. 467, 44 Am. Rep. 61; *Woodson* v. *Metropolitan Street R. R. Co.*, 224 Mo. 685, 123 S. W. 820, 30 L. R. A., N. S., 931, 20 Ann. Cas. 1039; *Traders' Securities Co.* v. *Kalil*, 107 Pa. Super. 215, 162 A. 499; *Worsham-Buick Co.* v. *Isaacs*, Tex. Civ. App., 56 S. W. 2d. 288.

Can we say there is no reasonable probability that plaintiff can make out a case against the Utah Motor Park Company? It does not appear that arising from the evidence are legal propositions which would stand as a hurdle over plaintiff's path. Therefore in the exercise of a sound discretion we should direct that the cause be retried. When the record is returned to the District Court the parties may, of course, amend their pleadings to clarify, make definite, or raise any issues of fact or law they may deem pertinent to their cause and which they desire to make an issue on the trial.

The cause is reversed and remanded with instructions to proceed in accordance with the views expressed in this opinion. Costs to appellants.

LARSON, McDONOUGH, and PRATT, JJ., concur.

MOFFAT, Chief Justice (concurring in part, dissenting in part).

I concur in the order reversing the judgment against the Mountain Fuel Supply Company; I dissent from the order remanding the cause for a new trial as against the Utah Motor Parks, Inc.